BYTHEL HAYNES, Liquidator, v. ISAAC WALL AND WIFE.

The obligation of a stockholder for contribution upon his subscription to the capital stock being intended by its terms to secure the payment of any loans of money effected by the company, it was *held* the plea of prescription could not be maintained where the suit against the stockholder was brought in less than ten years after the maturity of the first series of the bonds of the company.

APPEAL from the District Court of East Feliciana, *Haralson*, J., presiding. *D. C. Hardee* and *W. Fergus Kernan*, for defendants. *Moïse & W. M. Randolph* and *John McVea*, for plaintiffs and appellants.

BUCHANAN, J. Defendants are sued for a contribution of eighteen hundred dollars, or sixty per cent. upon their subscription of thirty shares of the capital stock of the Clinton & Port Hudson Railroad Company.

The petition charges that the contribution of sixty per cent. now demanded of the stockholders upon the capital stock by them severally subscribed, is necessary in order to pay certain bonds of the Clinton & Port Hudson Railroad Company, with the arrears of interest thereon, which bonds are past due and are held by the New Orleans Gas Light Company ; and which bonds and interest, the petitioner has been ordered by a final judgment of the District Court, rendered the 12th February, 1852, and affirmed on appeal by the Supreme Court, to collect by a pro rata contribution among the stockholders.

Defendants except to this action,—

1st. That the Clinton and Port Hudson Railroad Company never accepted the Act of 10th March, 1834, amending the Act of 7th February, 1833, incorporating the Clinton & Port Hudson Railroad Company, in the form and within the delay prescribed by the 28th section of said amendatory Act ; and that the Railroad Company was consequently without power to contract the obligations which it is the object of the present suit to meet.

2d. Defendants plead the prescription of ten years as a peremptory exception to this action.

On the first exception, it appears in evidence, that the amended charter of the Clinton & Port Hudson Rail Road Company was accepted by a majority in amount of the stockholders, by a declaration made to that effect in writing before the Parish Judge of the parish of East Feliciana, which declaration bears no date ; and we are asked to infer that this acceptance, thus destitute of a date, was in fact made at a later period than that contemplated in the 28th section of the Act, (which was the 14th April, 1834, at the latest), because it was recorded in the office of the Parish Judge on the 22d April, 1834. But this inference appears to us unreasonable, and justified neither by the terms of the statute nor by the subsequent acts of the railroad company and of these defendants.

By the terms of the statute, the declaration of acceptance is one thing, and the recording of that declaration is another. The declaration is to be made within a limited time ; the recording of that declaration is not limited as to time.

HAYNES
*v.*
WALL.

The subsequent acts of the parties are, 1st, the issuing by the railroad company of their bonds, under the Act of 1834, p. 116, in the form prescribed by section 5th thereof, dated 1st February, 1836, and payable $75,000 eight years after date, $75,000 fifteen years after date, and $100,000 twenty years after date ; 2d, the execution by the defendants, on the 5th December, 1837, of the mortgage upon which they are now sued in payment of their assumption of the subscription of *David Thomas* to the increased capital stock of the company, under the Act of 1834. To this act of mortgage were parties, of the one part, the defendants ; and of the other part, the president of the railroad company ; who declared "that said company was incorporated and its privileges and obligations generally defined, by *two* Acts of the Legislature of the State of Louisiana, the one approved on the 7th February, 1833, *and the other* (the statute referred to in the exception) *approved the 10th March, 1834.*"

The binding effect of this Act of 1834, has however been settled by the judgment of the Seventh District Court in the suit of the *New Orleans Gas Light and Banking Company* v. *Bythell Haynes*, liquidator, given in evidence by plaintiff. By that judgment, the validity of the bonds issued by the railroad company under the Act of 1834, was recognized, and the liquidator (plaintiff herein) was ordered to institute suits against the several mortgage stockholders for a *pro rata* contribution to the payment of said bonds. The defendants, as corporators, are bound by that decree.

The second exception is the prescription of ten years. This exception was erroneously sustained by the District Court.

The obligation of defendants which is sued upon, was intended by its terms, to secure the payment of any loans of money effected by the railroad company by the negotiation of bonds under the 4th and 5th sections of the amendatory charter of 1834, above mentioned. The object of the present suit is to provide for the payment of such bonds, held by the New Orleans Gas Light Company. The first series of those bonds, as mentioned above, fell due on the 1st February, 1844 ; the second series on the 1st February, 1851 ; the third series on the 1st February, 1856. The present suit was filed and service of petition accepted on the 4th January, 1854, less than ten years after the maturity of the first series of bonds. It is therefore unnecessary to consider the question of the suspension of prescription, which has been argued at much length by the counsel of defendants.

The judgment of the District Court is reversed ; the exceptions filed by defendants are overruled ; and the cause remanded to be proceeded in according to law ; defendants and appellees to pay costs of appeal.

MERRICK, C. J., recused himself in this case, having been of counsel.