Nos. 3977, 3977½

DOMINIQUE DURAC v. WIDOW FERRARI.   WIDOW FERRARI v. DOMINIQUE DURAC and Sheriff.   (Consolidated Cases.)

Where A is a solidary obligor with B, by paying the note he becomes legally subrogated, for the amount of one-half thereof, to the entire obligation of B to the original holder. This subrogation extends as well to the accessory, as to the principal obligation, and the subrogee acquires all the remedies as well as all the rights of the party to whom he was subrogated. Without the remedy of seizure and sale the subrogation would be incomplete.

A was not a mere transferree who could not proceed *via executiva* without an act of subroga. tion. He was legally subrogated, and as such was thoroughly invested with all the rights of the original holder or payee, as if the same had passed to him by a regular act of conventional subrogation.

Where an objection was made that there was in the record no authentic evidence of the costs of protests and copy of an act of mortgage;

Held—That these costs were a part of those incident to the proceeding, and that, if authentic evidence of the amount thereof was necessary, the rule *de minimis* was applicable.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Albert Voorhies*, for appellant. *M. E. Livaudais* and *C. E. Schmidt*, for appellee.

Justices concurring: Taliaferro, Howell and Wyly.

WYLY, J. In the first of these cases the defendant appeals from a judgment against her for $100 80, the amount found to be due by'her on the demand of the plaintiff for cash disbursed by him for her benefit.

This case presents only questions of fact. It seems to have been examined with great care by the judge *a quo*, and after examining the evidence fully we are not prepared to say that he erred in his conclusion. This judgment is therefore affirmed.

In the second case, the plaintiff under articles 739 and 740 C. P. injoined the executory process sued out by the defendant, alleging that the note on which it was based had been extinguished by compensation. In a supplemental petition she alleges that the order of seizure and sale issued improvidently.

*First*—Because there was no authentic evidence of the payment or the amount actually paid for the mortgage note to which Durac, the defendant, claims to be subrogated.

*Second*—Because there was no authentic evidence of the payment of the four dollars for copy of mortgage, and the three dollars and eighty

Durac v. Widow Ferrari.   Widow Ferrari v. Durac and Sheriff.

·cents for protest, included in the order of seizure.   The court dis-
solved the injunction with forty dollars damages and costs, and the
plaintiff appealed.

We see no error in this judgment.   The plea of compensation is not
sustained by the evidence.   The defendant is the holder of the note,
and the presumption is, he paid the full value thereof.   He was a
solidary obligor with the plaintiff, and by paying the note he became
legally subrogated, for the amount of one-half thereof, to the entire
obligation of the plaintiff to the original holder.   This subrogation
extends as well to the accessory as to the principal obligation; and the
·subrogee acquires all the remedies as well as all the rights of the party
·to whom he is subrogated.   Without the remedy of seizure and sale
the subrogation would be incomplete.   2 N. S. 161.   The authorities
cited by plaintiff's counsel are inapplicable.   The defendant was not
a mere transferree, who could not proceed *via executiva* without an act
·of subrogation.   No conventional subrogation was necessary for him.
He was legally subrogated, and as such, was as thoroughly invested
with all the rights of the original holder, or payee, as if the same had
passed to him, by a regular act of conventional subrogation.   As to
the objection that there was no authentic evidence of the costs of pro-
test and copy of the act of mortgage we will remark that this was a
part of the costs incident to the proceeding, and if authentic evidence
of the amount thereof were necessary we would hold the rule *de min-
imis* applicable.   Besides, an appeal is the proper remedy where a de-
cree of seizure and sale has been obtained on insufficient evidence.

There is, therefore, nothing in this case to authorize the injunction
under articles 739 and 740, C. P.

Judgment affirmed.