No. 1137.

MANUEL A. MONTEJO VS. M. T. GORDY, SHERIFF, ET ALS.

·If the mortgage creditor is entitled to executory process against his mortgagor, he has the same right against the vendee of the latter, even if his act of mortgage does not contain the pact *de non alienando*, but, in that case, he must proceed, as against third possessors' by the hypothecary action proper, after the thirty days demand and ten days notice. provided for by the Code of Practice. And the fact that such mortgage creditor has obtained judgment against the original mortgagor, does not deprive him of the right of executory process, in the hypothecary action, against the mortgagor's vendee.

APPEAL from the Nineteenth Judicial District Court, parish of St. Mary. *Goode, J.*

*Foster Bros.* for Plaintiff and Appellant.

*H. D. Smith* for Defendants and Appellees.

The opinion of the Court was delivered· by

LEVY, J. Henderson Crawford, one of the heirs of H. Crawford, deceased, executed a mortgage, on the 9th of December, 1865, in favor of Martin Conrad, to secure a note for $3000, in favor of said Conrad, signed by said Henderson Crawford and Larive Crawford, *in solido*, the mortgage being upon " his entire interest in the estate of his father, to wit: one-eighth undivided interest in what now remains of said estate, consisting of the sugar plantation belonging to said estate," describing its quantity, location, boundaries, etc. Suit was brought on this note by Conrad and, on the 1st of May, 1880, there was judgment in the District Court of St. Mary against the makers of said ,note and recognizing the mortgage aforesaid as bearing upon and affecting said mortgaged property. In 1869, the widow and heirs of H. Crawford, deceased, executed a mortgage upon the whole of said plantation in favor of P. J. Pavy, to secure a certain debt due by them; this debt was transferred to M. A. ˙Montejo with full subrogation of the mortgage securing it, and the plantation thus mortgaged was seized and sold under executory process, in the suit (order of seizure and sale), No. 6962, of the docket of the District Court, parish of St. Mary, of M. A. Montejo vs. Henderson Crawford et als., and Manuel A. Montejo and L. F. Generes became the purchasers. After the judgment was rendered, on 1st May, 1880, in favor of the administrator of Martin Conrad, thirty days notice and demand for payment was given to the mortgagor, Henderson Crawford, and thereafter ten days' notice and demand on the third possessors. The administrator of Conrad then filed his petition, setting forth his judgment on the mortgage note with recognition of his mortgage, the adjudication to Montejo and .Generes of the property affected by Conrad's mortgage, the amicable legal demands of thirty and ten days on the hypothecary debtor and the third possessors, prayed for citation of said third posses-

sors "as the law directs," and that "executory process issue and an
order of seizure and sale be directed to the sheriff of St. Mary parish,
commanding him to seize and sell for cash after the requisite legal de-
lays and formalities," the mortgaged property. On this petition the
District Judge granted the following order: "Let executory process and
an order of seizure and sale issue as prayed and according to law."
Notice of the order of seizure and sale and demand for payment within
three days was directed to Manuel A. Montejo and Y. or F. J. Montejo
and the executor of L. F. Generes, which was served on F. J. Montejo
and said executor. Under the writ of seizure and sale the undivided
eighth interest was seized, and notice of seizure made on F. J. Montejo
and the executor of Generes. Under the writ the sheriff seized and ad-
vertised for sale, the following: "as the property of M. A. Montejo, viz:
the one undivided eighth of the following described property, to wit:
that certain tract of land or sugar plantation lying and being situated
in the parish of St. Mary, State of Louisiana, containing about seven
hundred and sixty arpents, superficial measure, having a front on the
Bayou Teche of nine and one-half arpents, with a depth that belongs to
the same, bounded below by lands of William and A. L. Hayes, with all
the buildings and improvements thereon situated, rights, ways, appur-
tenances thereunto belonging." The property thus seized and described,
was advertised for sale.

M. A. Montejo thereupon brought this injunction suit and the sale
was enjoined. Plaintiff's grounds of injunction are: That Henderson
Crawford could not grant a mortgage upon his right of inheritance in
the succession of his deceased father; that no portion of the property
itself, the same belonging to the estate of his deceased father, was
mortgaged, and never had been accepted by said Henderson; that "said
pretended mortgage never had any legal existence or vitality, is null
and void and of no effect against third parties, on account of vagueness,
uncertainty and illegalities patent upon its face." Further, "that the
order of seizure and sale and the proceedings thereunder are illegal,
null and void, and unwarranted in law, in this, that the plaintiff (admin-
istrator) in execution, has mistaken his remedy; that, under the law, he
was not entitled to the executory process or any order of seizure and
sale, but, if he had any cause of action against petitioner, he should
have resorted to the hypothecary action proper; that, having a judg-
ment recognizing simply a mortgage, he could only proceed against the
third possessors by the hypothecary action; that upon the original
mortgage no executory process could issue and since said mortgage has
been merged in a judgment, his remedy was either by *fi. fa.* against the
judgment debtor, or, by the hypothecary action against the third pos-
sessor. Further, that even if he could have resorted to the executory

process, there is want of proper service, it having been made on F. J. Montejo personally, and not as agent; that the advertisement is defective for want of definite description of the property seized. The plaintiff in injunction claimed $300 damages, for attorney's fees, and $500 special and exemplary damages, and he prayed for a decree declaring the nullity of Conrad's mortgage, and for an order directing it to be cancelled and erased from the records. The defendant in injunction in his answer, made a general denial and averred that plaintiff was estopped from denying the validity of respondent's mortgage or the mortgagor's capacity to hypothecate the property mortgaged in his, plaintiff's, favor. He admits that the notices to pay and of seizure were served upon Frank J. Montejo, the agent of plaintiff and in possession of the mortgaged property, and avers the sufficiency of said notice; he denies the right of plaintiff herein, to enquire into the sufficiency of the evidence on which executory process issued; and prays for dissolution of the injunction with $250 damages, for attorney's fees, and 20 per cent exemplary damages. There was judgment in the lower court rejecting plaintiff's demands and dissolving the injunction, and against the defendant on his reconventional demand for attorney's fees and damages, reserving to him the right to sue on the injunction bond for damages sustained by him, growing out of the injunction. Plaintiff, M. A. Montejo, appeals.

In order to come to a proper determination of the fundamental issue in this case, we are called upon, first, to decide whether the judgment in this case has been rendered in a proper proceeding, or, in other words, whether the judgment is binding on the plaintiff in injunction, whose property is sought to be sold under the judgment rendered in the proceedings. The plaintiff in that suit, holder of the first mortgage on property which had passed into the ownership and possession of a third possessor, obtained judgment against his debtor, with recognition of his mortgage. The third possessor had not assumed the payment of the prior mortgage, which did not contain the pact of non-alienation; between him and the plaintiff, first mortgagee, there existed no privity and there rested on him no personal obligation. We are of opinion that the proceeding by executory process of seizure and sale does not lie in this case. It is true, as contended by counsel of appellee, that the sufficiency of evidence to authorize the order of executory process cannot be examined on an injunction and the remedy in such cases is by appeal, 26 An. 709; 8 An. 23; 20 An 256; and, therefore, we can, in that regard, enter upon no such examination. But it is competent for us to inquire into and pass upon the question as to whether the order and proceedings themselves are authorized by law and binding. The conclusion which we have reached and above expressed, is supported by numerous authorities. In 4 La. 125, it was said: " There is

no allegation of privity of contract between the parties (one the original creditor and the other a third possessor). The defendant (third possessor) can only be rendered liable in an hypothecary action."

In Waddill vs. Payne & Harrison et al., 22 An. 134, it was held that, where a third party has purchased real estate, which is subject to a special mortgage without the stipulation therein of the pact *de non alienando*, the holder of the mortgage can only enforce it against the third possessor, by the hypothecary action. In Taylor vs. Pipes, 24 An. 251, the same doctrine was held, and the Court referred to the case reported in 9 R. 69, and said that therein " the precise question now in controversy was decided, to wit: whether the purchaser of mortgaged property, after suit or *judgment* against the original mortgagor, is entitled to the rights of a third possessor and can only be proceeded against conformably to the rule stated in articles 68 and 69 Code of Practice. It was there held that, ' a purchaser of property subject to a mortgage, in possession, is entitled to the rights and *privileges of a third possessor, though a judgment had been obtained by the mortgagee against the mortgagor, but no execution had issued before the purchaser took possession under the sale; it is only when the mortgage contains the pact de non alienando that the third possessor is not entitled to notice.*'" The reasoning of the Court, of which Mr. Justice Wyly was the organ, in the case referred to, *Taylor vs. Pipes,* is clear, full and convincing on the point at issue.

In 12 La. 34, the Supreme Court decided that where a creditor demands the execution of a judgment rendered by a tribunal different from that within whose jurisdiction the execution of it is sought, he may resort to the executory process; but this process cannot issue from a court within the same territorial jurisdiction. The party must resort to his *fieri facias* on his judgment.

Article 709 of the Code of Practice, provides the remedy for the prior mortgagee: " The hypothecary action lies against the purchaser of property seized, which is subject to privileges or mortgages in favor of such creditors as have said privileges and mortgages, in the same manner and under the same rules and restrictions as are applicable to a third possessor of a mortgaged property."

In 4 An. 270: " Where an act of mortgage does not contain the pact *de non alienando,* and the property is in possession of *a third person, no judgment can be rendered for its seizure and sale in an action against the mortgagor alone.*" *C. P. 68; C. P. 69;* 26 An. 370.

In 3 An. 227, it is held: "Where mortgaged property is in possession of the mortgagor, one expressly subrogated to the rights of the mortgagee may proceed against it, *via executiva.* But, where an act of mortgage contains no clause *de non alienando* and the property is sold

by the mortgagor to a third person, neither the mortgagee, nor any one subrogated to his rights, can proceed against it by order of seizure and sale. The creditor must resort to an hypothecary action."

The proceeding in this case is on its face, and avowedly, one of executory process. Certain prerequisites to support the hypothecary action have been complied with, but the action itself was not instituted or conducted as an hypothecary action *via ordinaria*, nor has it been converted into such, so as to support a judgment in such action. The third possessor was not cited in the suit and the judgment was not obtained contradictorily with him. We, therefore, find that the proceeding *via executiva* did not lie in the case and that *via ordinaria*, the proper one, has not been had.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and proceeding to render such judgment as should have been rendered by the court *a qua*, it is ordered, adjudged and decreed that there be judgment in favor of plaintiff, perpetuating the injunction herein, without prejudice to the defendant mortgagor to prosecute his claim in other and proper proceedings. Appellee to pay the costs of both courts.

### ON APPLICATION FOR REHEARING.

FENNER, J. A re-examination of this case has convinced us that our original opinion herein was erroneous.

The views expressed and the train of reasoning which led up to the conclusion that the remedy for enforcement of the mortgage in the suit enjoined was by the hypothecary action proper, were certainly conclusive. But we assumed that in no case, could executory process issue in a hypothecary action proper, but that, in all cases, such action must be conducted by citation and proceedings *via ordinaria*.

This assumption, we are now convinced, is not sustained by law.

The hypothecary action is a real action, the object of which is to have the property hypothecated seized and sold for the payment of the debt. C. P. 61.

When this action is brought against a third possessor of the hypothecated property, for the purpose of compelling him to give up the property, or to pay the debt, or, in default, to have the property seized and sold, it is called the hypothecary action proper. C. P. 68, 69.

Every hypothecary action brought against a third possessor, who has not personally assumed the debt, falls within the designation of hypothecary action proper.

Article 744 C. P. makes it clear that executory process "may be pursued, not only against the debtor or his heirs, but also against the

third possessor of the thing subjected to it according to the forms prescribed" in articles 68 to 74 of that Code.

Therefore, if the mortgage creditor is otherwise entitled to executory process, the fact that his proceeding is against a third possessor does not deprive him of that right.

To entitle the creditor to executory process, it is only necessary, so far as conventional mortgages are concerned, that his rights should arise from an act importing confession of judgment. C. P. 732.

Proceeding on such a mortgage, the only limitation on his right to executory process against a third possessor, lies in the condition imposed of complying with the forms prescribed in articles 68 et seq. C. P; C. P. 744.

These forms are thirty days previous demand from the original debtor; the proper affidavit appended to his petition; and ten days notice of the demand to the third possessor. C. P. 69, 70.

No other forms or conditions are imposed. Nothing is said about citation, and, indeed, the proceeding by executory process is exclusive of the idea that citation should be necessary or proper—the notices provided being a substitute for, and equivalent of, citation.

The absence of the *pact de non alienando* from the mortgage has no effect upon the proceeding against the third possessor. The only effect of that pact is to entitle the creditor to disregard all alienations and to pursue the property by direct proceeding against the original debtor.

Its absence, provided the act imports confession of judgment, only imposes upon the creditor the necessity of directing his executory proceedings against the third possessor directly and of giving the additonal notices required by law; but, these requirements having been complied with, he is none the less entitled to executory process.

Such is the express doctrine of Wilcoxon vs. Markell, 8 An. 460, and is clearly derived from the textual provisions of the Code of Practice, as we have shown.

In the case before us, the creditor held a mortgage importing confession of judgment, and so expressly alleged in his petition. The fact that he had obtained a recognition of his mortgage by judgment against the original debtor, if it did not enlarge, certainly could not diminish, his rights against the third possessor of the thing mortgaged.

The proceedings exhibit the demand, affidavit and notice, in strict compliance with law, and we think he was entitled to the remedy invoked.

The other grounds of injunction are untenable.

F. J. Montejo's agency for the plaintiff was expressly alleged in the petition and proved by authentic act, and the service of the ten days notice on him was sufficient.

---

The description of the property in the advertisement is sufficient to identify it and, taken in connexion with the proceedings, is sufficient.

The other grounds of injunction require no further notice than was given in our original opinion and suggested in the present one.

In altering our decree upon this application, we shall reserve to the appellant the right of applying for rehearing as if this were our original decree.

It is, therefore, ordered that our former decree herein be annulled and set aside.

And it is now ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's costs.