No. 9144.

JOHN CHAFFE & SONS VS. M. DUBOSE.

36   257
f117  889
117   899
117   900

The pledgee of notes secured by mortgage can enforce the collection of them by executory as well as by ordinary process.

The pledgee does not need the consent of the pledgor to institute proceedings for the collection of notes pledged.

Injunction will not lie to restrain executory process for want of authentic evidence of the endorsement of the notes. The remedy in that case is by appeal from the order of seizure and sale.

Where the injunction is by the maker and endorser of the mortgage notes, and he alleges, admits, and swears that he did sign and endorse them, and recites that the act of mortgage expressly enures to the benefit of any future holder of them, it does not lie in his mouth to set up that the endorsement of the notes has not been proved by authentic act.

APPEAL from the Eighth District Court, Parish of East Carroll. Deloney, J.

J. M. Kennedy for Plaintiffs and Appellees.

Defendant in propria persona.

The opinion of the Court was delivered by

MANNING, J.   This is an injunction by DuBose restraining executory process of Chaffe & Sons, and therefore the suit is misnamed. The title should have been reversed.

DuBose owes V. M. Purdy two thousand dollars, divided in equal notes, the last one maturing in December, 1881, which are secured by mortgage in favor of any future holder of them.  The notes are drawn by DuBose in favor of himself and are endorsed in blank.

Purdy owes Chaffe & Sons twenty-seven hundred dollars, divided into three notes, due respectively November 15 and December 15, 1882, and January 15, 1883, and to secure them pledged the DuBose notes.

Chaffe & Sons, thus in possession of these notes as pledgees, sued out executory process upon the DuBose mortgage, on November 2, 1882.

The grounds of injunction are four in number:

1. The Purdy notes were not due when the order of seizure and sale issued, and the executory process is therefore premature.

The Purdy notes are not in controversy.  The process is to foreclose a mortgage made by DuBose in order to effect payment of his notes, the last maturing note having been overdue nearly a year before the date of the process.   But when this injunction was filed on January 17, 1883, the last Purdy note had matured, and therefore this ground of prematurity did not exist even as to these notes when the injunction issued.

17

2. That Chaffe & Sons are not the owners of the DuBose notes, but merely pledgees.

It is no longer open to question that the pledgee of a promissory note can sue upon it in his own name. Bank Lafayette vs. Bruff, 33 A. 624 and cases there cited. The contention here appears to be that the pledgee cannot enforce the collection of the pledged note by executory process.

The pledgee of a note is expressly authorized to "take measures to recover it." Rev. Civ. Code. art. 3170. Whatever suit or process is allowed to óthers for that purpose is permitted to him. For all practical purposes he is the owner of the obligation, Mec. Build. Asso. vs. Ferguson, 29 A. 548, bound to account to his pledgor for the surplus, but free to use any legal process for its collection. No textual prohibition of the use of any kind of process exists, and reason does not supplement any. He may proceed *via executiva*, all other conditions being fulfilled, equally as *via ordinaria*.

3. That the process was not instituted by Purdy's instructions, but rather against his consent as the petitioner was informed and believed.

It is of no consequence what Purdy's wishes were in the matter. If he did not wish measures taken to collect his pledge, he could easily have prevented it by paying his own debt, to secure which the pledge was made. If the pledgor could control his pledgee and prevent his collecting the pledge, or disposing of it after the time permitted, or restrict him in the mode of collecting it, the value and utility of this form of security would vanish.

4. That there is no authentic evidence of the endorsement of the notes.

If this be so, the remedy was by appeal from the order of seizure and sale. Injunction will not lie to restrain the collection of a judgment on the allegation that it is based on insufficient evidence. Taliaferro vs. Steele, 14 A. 656; Abbot & Wilbur, 22 A. 368; Shreveport vs. Floarnoy, 26 A. 709.

But there is the same authentic evidence of the endorsement as of the signature, and DuBose's petition of injunction expressly alleges and admits that he executed and *endorsed* the notes, and gave the mortgage to secure them in favor of any holder.

The distinction between this state of facts and that in Chaffe vs. Carroll, 34 A. 122, as well as that in Miller vs. Cappel, just decided, is apparent.

The case went off on a general demurrer, or exception of no cause of action, which was properly sustained. The appellant invokes the

equity of this Court to uphold him in preventing the wrong about to be done him. He is without equity. He admits his notes are over-due, and that his property is mortgaged to pay them, and confesses he has not paid them. There is no wrong done to a man when his property is sold to pay his just debts. One of the great uses of property is to have wherewithal to pay whatever one owes.

We will not inflict damage for a frivolous appeal. The creditor has his action on the injunction bond.

Judgment affirmed.