BREAUX, J.
This case is before us on an appeal from a judgment refusing to grant an injunction to plaintiff.
Defendant in injunction (plaintiff in the foreclosure proceedings) sought to foreclose a mortgage executed, he avers, by his agent, as vendee of the property, and which mortgage was afterward assumed by the Plaque-mine Tropical Eruit Company.
Plaintiff in injunction, on behalf of himself and all other stockholders of the Plaquemine Tropical Fruit Company, sought by injunction to prevent the sale of the property. To this end he averred in his petition for an injunction that the notes made by said agent, who appears in the act of sale in his own name, for $10,000 and $5,000, respectively, were without consideration, having been given in part payment for land from which the purchasers (the agent in his own name, and afterward the purchaser from him, the Plaquemine Tropical Fruit Company) had been evicted. The court refused the injunction.
The contention of plaintiff in injunction is that the Plaquemine Tropical Fruit Company, lately a corporation existing under the laws of New Jersey, has long since been dissolved, its charter having' been forfeited in the year 1896, and that the affairs of the corporation have never been liquidated, and that by this and other reasons that will hereafter be referred to he has a right to an injunction in his own name as a stockholder. His further contention is that the Plaque-mine Tropical Fruit Company bought 32,-000 acres of land; that the description in the deed embraces that number of acres of land, and that the Plaquemine Tropical Fruit Company has been evicted from all its land except 1,320 acres; that a writ of injunction is necessary to protect him from the payment of the notes made for land which the company, of which he is a stockholder, never received.
A rule nisi was issued, ordering defendant in injunction to show cause why an injunction should not issue. This rule was followed by an answer, in which defendant in injunction averred that plaintiff in injunction had no cause of action; that the judgment had been previously rendered against the Plaquemine Tropical Fruit Company, which defendant in injunction pleaded as res judicata.
The plea of res judicata and the other pleas in defendant’s answer to the rule nisi renders it necessary for us to make a summary of proceedings that preceded the present application for an injunction. In order to separate the issues, we will state that suits 272 and 330, to which we will have occasion to refer again, will be identified by those two numbers. Suit 64 is the last suit, the one now before us for decision.
The holder of the two notes in question brought two suits of foreclosure, one suit on each note. Those are the suits 272 and 330. The sheriff seized the property under the two writs of seizure and sale. These writs, in suits 272 and 330, brought in 1889, were met by an injunction issued in that year at the instance, of C. W. Clothworthy, who was president of the Plaquemine Tropical Fruit Company, in which he averred that he was duly authorized to act, and, in addition, in the petition two members of the local bar are named as curators ad hoc, “who also had authority to represent the company.” The petition sets forth, in substance, all the facts alleged in the petition before us in the injunction proceedings in hand.
The curators ad hoc, in suits 272 and 330, moved the court to consolidate these two suits, and, on their motion, both as curators ad hoc and attorneys of the company, the suits were consolidated. They appeared as attorneys in defense of the injunction sought by Clothworthy, president.
The plaintiff here filed a petition of intervention in the injunction suits 272 and 330, in which Clothworthy appeared as president, setting forth, in substance, about the same grounds as those in the petition of plaintiff in injunction in suit 64, now before us for decision. The plaintiff in executory proceedings and defendant in injunction in the first suits, Nos. 272 and 330, met the intervention by filing an exception of want of interest on the part of the interveners, and of no right and no cause of action. The court a *779 qua sustained, the exception on the 16th of September, 1899, in the following words: “That the exception to motion of intervention be maintained, and that motion be set aside and dismissed, with costs.”
The defendant in injunction filed an answer in 1899 (answer to injunction to suits 272 and 330) to the petition of the Plaque-mine Tropical Fruit Company, setting forth its defense at some length. A judgment was rendered by the court a qua. The court, in its opinion, or reasons for judgment, sets forth the grounds considered as follows: (1) The consideration of the notes sued on had failed; (2) the prescription of five years; (3) the charge of fraud.
The court a qua, in the opinion on which the decision is based, took up each point, and gave its reasons for not sustaining it. Each ground urged by the plaintiff in injunction was considered, and decisions were referred to in support of the court’s views in rejecting it, which was followed by the judgment setting aside the injunction and dismissing the action. This judgment is dated the 12th day of November, 1900. From it no appeal has ever been taken.
We are informed by the record that following this judgment the sheriff had seized and advertised that he “will sell on the 2d day of November, 1900, the property in question, to satisfy the mortgage and vendor’s privilege claimed by plaintiff in executory proceedings in the cases in question numbered 272 and 330 of the docket of this court.”
Charles C. Buck, owner of the stock, as before mentioned, for himself and the other owners of the stock, seeks to enioin the sale as before mentioned. The grounds of injunction we have already stated are, in substance, the same as those set up in the petition of the Plaquemine Tropical Fruit Company in the first injunction (272 and 330, consolidated), and by this stockholder to his intervention, which was dismissed. This is suit 64, before us for decision.
The first position of the plaintiff, Buck, in support of his application for an injunction (in suit 64), before us on appeal, is that the nonresident corporation having been dissolved, as he avers under oath, more than four years' since, and its affairs not having been liquidated, and no steps having been taken by the Plaquemine Tropical Fruit Company to stop the illegal sale of its property, in which he had a large interest as a stockholder, it became his right, in order to protect his property from spoliation, to apply to the court in behalf of himself and the other stockholders.
We have seen that the defendant, among other pleas, interposed the plea, in answer to the rule nisi, of want of right in plaintiff in injunction to stand in judgment and maintain this suit. This defendant further alleged in answer to this rule nisi in suit 64 that successive injunctions cannot issue against the same execution, and thereby open the way to litigation that might prove almost interminable.
Plaintiff in this suit (64) seeks to ignore entirely the judgment rendered in suits 272 and 330, consolidated. He has not attacked this judgment (in 272 and 330) in any way, but has passed it as if it were an absolute nullity. This, we do not think, he had a right to do. He was a party to the proceedings. Besides, as a stockholder, he is bound by a decree rendered against a corpioration recognizing the validity of a foreclosure, until for cause sufficient it is annulled in an action of nullity or reversed on appeal.
With reference to a point presenting great similarity to the one here, the court said, “The defendants are bound by that decree.” Haynes v. Wall, 13 La. Ann. 258. The plaintiff had his remedy. We do not think that it was by applying for a second injunction on the same ground as that involved in 272 and 330 (that is, in the first proceedings to which he was a party, in which an exception leveled against his intervention was sustained).
The learned counsel for plaintiff earnestly urge that the corporation was dissolved when the judgment was rendered in 272 and 330, consolidated, and set forth with clearness, from their point of view, that the only reason which occurs to- them as at all plausible for holding that plaintiff here (plaintiff in suit 64) has not shown a cause of action is that he has not specifically set forth, as he truthfully could do, that the Plaquemine Tropical Fruit Company, which was dissolved more than four years ago, has no legal representative in New Jersey or elsewhere, no liquidator having ever been appointed to liquidate its affairs.
Counsel for plaintiff say that this point *781 was not made by counsel for defendant in argument; that, had there been any intimation that pleadings were defective in this respect, proper amendment would have been made. We accept the statement of counsel as being — no doubt it is — entirely true as made. We take it that no liquidator has ever been appointed in New Jersey, at the domicile of the company. It none the less remains as a fact that in a suit to which plaintiff was a party — that is, in 272 and 330, consolidated— the defendant company did appear, and contradictorily with it, the court decided that the mortgage claimed by plaintiff in executory proceedings is a valid mortgage.
This judgment does not have the effect of res judicata, for 12 months have not elapsed since it was rendered. It does have the effect of preventing the company or any of its stockholders from resorting to other proceedings by injunction to prevent foreclosure upon grounds passed upon in 272 and 330, the first proceeding.
It is well settled that a corporation created under the laws of another state of the Union has the right to sue in the courts here. Life Ass’n of America v. Levy, 33 La. Ann. 1203. We have seen that this corporation did appear. It was represented .by those who alleged that they had authority to represent it in the proceedings instituted. The authority of its representatives was not questioned. Contradictorily with them, the proceedings were conducted which resulted in a judgment, as before stated.
The proceedings of foreclosure via executiva were in their nature in rem, and are binding upon all parties in interest until set aside. The corporation being bound, a fortiori the stockholders whose interests are represented by the corporation are bound.
The defense, on the face of the papers, was properly made in the name of the corporation. The shareholder cannot be heard to champion the same cause in another suit, particularly in view of the fact that he was a party to the first suit. Primarily, suit must be brought or defended by the corporation, and not by the shareholders. De Blanc v. Du Martrait, 3 La. Ann. 542. This suit was defended by the corporation. The court had jurisdiction. The proceedings were not null. They remain as binding until annulled in one of the ways provided by law.
We think that there are cases in which the judge is vested with jurisdiction to refuse to grant an injunction.
From the point of view before discussed, the plaintiff was absolutely without right, in view of the prior judgment, to champion the cause of the corporation. This presented ground sufficient to decline the injunction, and to compel plaintiff to seek remedy by bringing up the judgment on appeal in the first case. O’Connor v. Sheriff, 30 La. Ann. 441; Naughton v. Dinkgrave, 25 La. Ann. 538; City of Shreveport v. Flournoy, 26 La. Ann. 709.
For reasons assigned, it is ordered, adjudged, and decreed that the judgment in this case be, and the same is, affirmed at appellant’s costs.