(64 South. 126.)

No. 19,569.

BASS et al. v. BARTHELEMY et al.

(Jan. 5, 1914.)

*(Syllabus by the Court.)*

EXECUTION (§ 171*)—JUDGMENT (§§ 43, 52*)—CONFESSION OF JUDGMENT—EVIDENCE.

Under the law, as it stood prior to the passage of the statute, No. 67 of 1908, the two witnesses to an authentic act, importing confession of judgment, were required to be "free, male, and aged at least fourteen years," hence, where one of the witnesses was a female, the act was not authentic, did not import confession of judgment, and executory process could not lawfully issue thereon, nor could, or can, such writ issue to enforce payment of a note purporting to be secured by an act, otherwise authentic, in case of a discrepancy between the note, as described in the act, and the note sued on; and, still less, where such discrepancy existed, or exists, and the act was, or is, not authentic in form. In such cases, where the writ has issued (improvidently) and the property of a nonresident, represented by a curator ad hoc, has been seized and sold, the defendant is not confined to the remedy by appeal, but may resort to the remedy by injunction and action in nullity.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171;* Judgment, Cent. Dig. §§ 58, 61–72, 85–88; Dec. Dig. §§ 43, 52.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Action by Mrs. Luda V. Bass and others against Louis J. Barthelemy and others. From judgment for plaintiffs, defendants appeal. Affirmed.

B. B. Purser and Ray D. Magruder, both of Amite, and H. Grady Hungate, of Hammond, for appellants. A. W. Spiller, of Amite, for appellees.

## Statement of the Case.

MONROE, J. Plaintiffs, Mrs. Luda V. Bass, widow, and her granddaughter, Mrs. Luda V. O'Brien, wife of Coy. R. Rives, bring this suit against Louis J. Barthelemy and the Bank of Hammond, to annul a sale, under executory process, of an undivided half interest, claimed by Mrs. Bass, in five acres of land, with the improvements thereon, in the town of Hammond, and to cancel the inscription thereof, also to cancel the inscription of a mortgage against the entire property, and to recover of the defendant Barthelemy $400 per annum as rental from May 25, 1907.

The facts out of which the litigation has arisen are shown by the evidence in the record to have been as follows:

Mrs. Bass, who was a widow, acquired the land in question in her name and in that of her granddaughter, who was then a minor; and on February 19, 1902, she executed an act purporting to mortgage the whole of it to secure payment of a note for $100, of even date with the act of mortgage, payable in 90 days, with interest at 8 per cent. per annum from maturity, which note is described in the act as made by her, payable to her own order, and by her indorsed. The act in question was executed before a notary, in the presence of two witnesses, but one of them was a woman; and the note, executed by Mrs. Bass, differs from that described in the act of mortgage in that it was made payable to the Bank of Hammond and was not indorsed. Again, though the note reads, "payable * * * with all costs of collection, including ten per cent. attorneys fees," and, though, by the act of mortgage, Mrs. Bass declares that she binds herself "to pay the fees of the attorney who may be employed for that purpose [i. e., to sue on the note], which are hereby fixed at 10% of the amount sued for," there is no provision in the act whereby the cost of collection or the attorney's fees are secured by the mortgage. Interest appears to have been paid on the note up to December 22, 1902; and thereafter, on February 18, 1905, the bank prayed for executory process to enforce the payment of the principal, with interest and attorney's fees, and

caused a curator ad hoc to be appointed to represent Mrs. Bass, who had moved to Galveston. The writ, as issued, directed the sheriff to seize only the undivided half interest of Mrs. Bass in the property, and that interest was seized and offered for sale, but failed to sell, at the first offering, and was readvertised and, according to the return of the sheriff, was adjudicated to the defendant herein, Barthelemy—

"for the price and sum of $100, cash, subject to all liens, mortgages or other incumbrances, as mentioned in the within writ; and the costs of the same (amounting to $47.15) were also paid."

It appears, however, that there was an agreement between the seizing creditor (the bank) and the prospective purchaser to the following effect, as testified to by the counsel for the bank, to wit:

"During this time Mr. Louis J. Barthelemy made a deal with the bank * * * by which the bank was to sell its right in the suit to Mr. Barthelemy. The bank only desired to get its money out of the transaction. My memory is that, on account of the fact that the property was published, and on account of the fact that the proceedings were already started, we did not substitute plaintiffs, but continued the proceedings in the name of the bank. * * * The title was made to Mr. Barthelemy, he having paid, before the sale, or immediately subsequent thereto, the amount which the bank would have received out of the sale. * * * The bank received the exact amount of its claim, in principal and interest, for its right in the suit, and Mr. Barthelemy became the actual owner of the note, and the suit."

The nullity of the sale is alleged on several grounds, among which are: That the act sued on was not authentic, and did not import confession of judgment, because one of the two witnesses was a woman; and that the note sued on was not identified with said act, and was not otherwise authentic in form. As against these grounds of attack, defendant's counsel argues that plaintiffs' remedy was by appeal, rather than by action of nullity.

134 LA.—11

Opinion.

Under the law, as it stood prior to the enactment of the statute No. 67 of 1908, the two witnesses to an authentic act, importing confession of judgment, were required to be "free, male, and aged not less than fourteen years"; hence, where one of the witnesses was a female, the act was not authentic, did not import confession of judgment, and executory process could not lawfully issue thereon, nor could, or can, such writ issue to enforce payment of a note purporting to be secured by an act, otherwise authentic, in case of a discrepancy between the note, as described in the act, and the note sued on, and still less where such discrepancy existed, or exists, and the act was, or is, not authentic in form. In such cases, where the writ has issued (improvidently), and the property of a nonresident, represented by a curator ad hoc, has been seized and sold, the defendant is not confined to the remedy by appeal, but may resort to the remedy by injunction and action in nullity. C. C. art. 2234; C. P. arts. 732, 733, 738; Hen. Dig. vol. 1, p. 647, No. 1 et seq.; Harrod v. Voorhies, 16 La. 254; Ricks v. Bernstein, 19 La. Ann. 141; Calhoun v. Bank, 30 La. Ann. 780; Lazarus v. McGuirk, 42 La. Ann. 201, 8 South. 253; State v. Sommerville, 112 La. 1091, 36 South. 864; Bank v. Wingate, 123 La. 386, 48 South. 1005; Hackemuller v. Figueroa, 125 La. 307, 51 South. 207; Kreher v. Theisman, 125 La. 600, 51 South. 656; Sieckmann v. Schwartz, 128 La. 9, 54 South. 405; Communy v. O'Sullivan, 129 La. 628, 56 South. 618.

Plaintiffs set up a claim for rents, and defendant Barthelemy in the alternative demanded the reimbursement of certain moneys said to have been expended by him in taxes, insurance, and repairs. The judgment of the district court decreed void the writ of seizure and sale and all the proceedings

thereunder, ordered that plaintiffs be recognized as owners of the property claimed by them and restored to the possession of the same, and dismissed, as in case of nonsuit, the claims of the parties, respectively, for rents and reimbursement; and all parties have appealed, plaintiffs asking that the judgment so rendered be amended by allowing them the rents as prayed for. We concur in the view (as we assume) of the judge a quo, that the evidence adduced is not of such a character as to enable a court to arrive at any very satisfactory conclusion in regard to the matters last mentioned.

The judgment appealed from is accordingly affirmed, at the cost of the defendants.