(103 So. 393)

No. 26785.

JONES et ux. v. BOUANCHAUD, Sheriff, et al.

In re JONES et ux.

(Nov. 3, 1924.   On Rehearing March 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. Mortgages ⬤➞413—Injunction against sale under executory process on ground of fraud in obtaining act of mortgage issues of right.

Under Code Prac. art. 738, and article 739, subd. 6, persons praying for injunction against sale of their property under executory process, on ground that act of mortgage was obtained by fraud, as well as for insufficiency of evidence on which order of seizure and sale issued, are entitled to writ of right on furnishing bond, though they first sought wholly inadequate remedy of devolutive appeal.

2. Mandamus ⬤➞172—Whether mortgage is authentic act and note sued on sufficiently identified with it to authorize executory process not considered in mandamus to compel injunction against sale on grounds of fraud and misrepresentations.

Whether mortgage is authentic act and note sued on sufficiently identified therewith to authorize executory process thereunder need not be considered in mandamus to compel injunction against sale on additional grounds of fraud or misrepresentation in obtaining act.

On Rehearing.

3. Execution ⬤➞172(2)—Plaintiff combining grounds authorizing issuance of writ without bond with others requiring bond must furnish bond or be confined to proof of former.

Plaintiff cumulating, in petition for injunction against sale of property under executory process, grounds justifying issuance of writ without bond under Code Prac. art. 739, such as fraud, misrepresentation, and liquidated account pleaded in compensation (subdivisions 6, 7, and article 740), with other grounds or facts, such as insufficiency of evidence, he must furnish bond, as required by article 298 et seq., or be confined to proof of particular causes in article 739.

O'Niell, C. J., dissenting.

Mandamus, certiorari, and prohibition by M. T. Jones and wife to compel the Judge of the Twenty-First Judicial District Court to grant an injunction against the sale of relators' property by L. Bouanchaud, Sheriff, under executory process.   Rule made absolute, and Judge directed to grant preliminary injunction.

M. T. Hewes, of New Roads, for relators.

Bouanchaud & Kearney, of New Roads, for Briscoe.

By the WHOLE COURT.

ST. PAUL, J.   On July 28, 1924, relators applied to this court for a mandamus to compel the judge of the Twenty-First judicial district court to grant them an injunction, which they claimed of right under the Code of Practice.   All this was therefore before Act 29 of 1924 went into effect (July 30, 1924), and accordingly nothing herein must be taken as applicable to the provisions of that act, whatever they may be.

George C. Briscoe sued out an executory process and thereunder seized relators' property.   Relators applied for and were allowed suspensive and devolutive appeals.   Their devolutive appeal was perfected; but relators were unable to furnish the bond required for a suspensive appeal.   Relators then applied for an injunction to restrain the sale; the trial judge issued a rule nisi, and after a hearing refused the injunction.

The grounds for injunction were that the act of mortgage was not authentic; that the notes sued upon were not identified with said mortgage; that said notes and mortgage were obtained from respondents, by said Briscoe, by fraud and misrepresentation.

[1] Pretermitting for the moment the ground of alleged fraud and misrepresentation, it may be said that it was formerly the jurisprudence of this court that an executory process could not be arrested by injunction on the ground of insufficiency of the evidence on which the order of seizure and sale issued, that the sole remedy was by ap-

peal. Durac v. Ferrari, 25 La. Ann. 80, 81; Naughton v. Dinkgrave, 25 La. Ann. 538; Shreveport v. Flournoy, 26 La. Ann. 709. Which jurisprudence was followed up to Buck v. Massie, 109 La. 776, 33 So. 767.

But in Hackemuller v. Figueroa, 125 La. 307, 51 So. 207, where the only question was as to the sufficiency of the evidence on which the order of seizure issued, this court held:

"Though an appeal from an order of seizure and sale may, in a particular case, be an adequate remedy, the seized debtor has also a remedy by injunction; and he may obtain such writ on grounds other than those specified in Code Prac. art. 739, provided he furnish bond and otherwise comply with the law regulating the issuance of the writ of injunction." Syllabus No. 2.

And the court said:

"It is true that the defendant in the seizure might have appealed, the facts relied on being patent on the face of the record; but that an order of seizure and sale 'is not a judgment, in the true and legal sense of the term, and possesses none of its features,' has long since been recognized by this court (Harrod v. Voorhies' Adm'x, 16 La. 254), and that an appeal is not the only remedy is evident, since the law provides the remedy by injunction (Code Prac. arts. 303, 304, 740, 741, 742, 749, 750; Calhoun v. Bank, 30 La. An. 780)."

In Bass v. Barthelemy, 134 La. 319, 64 So. 126, where again the question was as to the sufficiency of evidence of which the order of seizure and sale issued, to wit, "that the act sued on was not authentic * * * and that the note sued on was not identified with said act," this court held:

"In such cases where the writ has issued (improvidently); and the property * * * has been seized and sold, the defendant is not confined to the remedy by appeal, but may resort to the remedy by injunction and action in nullity." Citing, inter alia, Hackemuller v. Figueroa, supra.

But in this case before us the injunction was prayed for, not only on the ground that the evidence was not sufficient, but also on the ground that the act containing the mortgage was obtained by fraud, and hence under the very text of C. P. art. 738, and article 739, No. 6, relators were entitled to their injunction of right "on furnishing bond." Hackemuller v. Figueroa, supra.

Of course a devolutive appeal affords no adequate remedy in such a case, and the mere fact that relators first sought that wholly inadequate remedy ought not to prejudice their right to pursue a proper one. Such an appeal would not stop the sale of the property. And, should the sale take place pending the appeal, said appeal would then present only a moot question, since the validity of the order of seizure and sale would again have to be litigated with the purchaser at such sale, and the judgment rendered on such appeal would decide no issue whatever between the main parties, except the single abstract question whether the writ issued properly on the face of the papers; it would decide nothing as to the validity of the debt sued upon. Hence such an appeal could not be entertained after the sale of the property under the writ. Ouachita Nat. Bank v. Shell Beach Const. Co., 154 La. 710, 98 So. 160. And we observe that relators have so far appreciated this that they have not lodged the transcript of appeal in this court. We think relators had the right to abandon their appeal, as they did, and pursue their remedy by injunction.

### I.

[2] It may be that in this proceeding we might here and now pass upon the question whether the mortgage relied upon is an authentic act, and whether the notes sued upon are sufficiently identified with that act to authorize executory process thereunder, but on consideration we think it inadvisable to do so. For relators have set up other grounds for their injunction, upon which we think they are entitled to the injunction of right, and, since respondent, Briscoe, will doubtless

in answer to said injunction reconvene for the amount of his claim, so that the real controversy between the parties will then be fully thrashed out and the question of proceeding via executiva or via ordinaria become a mere abstract one, we have concluded not to pass at this time on the right of respondent to proceed via executiva. For, accordingly, as plaintiffs in injunction be successful or unsuccessful in their attempt to prove the alleged fraud, it is certain that the final judgment in the case must either reject respondents' claim in toto or give him judgment in full therefor, recognizing his mortgage and entitling him to execute such judgment by writ of fi. fa.

That is to say, we find that relators are entitled of right to their writ of injunction, so as to try their issue of fraud, and we feel that, when that issue is disposed of, the matter of proceeding by seizure and sale or by fi. fa. will be of no further consequence to either party. In any event, we think the whole case should be tried at one time and not piecemeal.

### Decree.

It is therefore ordered that the rule herein issued be now made absolute, and the respondent judge is now directed to grant relators a preliminary injunction as prayed for, upon their furnishing bond and security in a sum to be fixed by him. The costs hereof to be paid by the respondent Briscoe.

O'NIELL, C. J., concurs in the decree, but not in the obiter dictum to the effect that the defendant in an executory proceeding may obtain an injunction instead of appealing, when his only remedy under the order is a suspensive appeal.

### On Rehearing.

ROGERS, J.   [3] The rehearing herein granted was restricted to the question of whether the relators should be required to furnish bond for the preliminary injunction for which they prayed. Our decree was that they should do so. On further consideration of the issues presented, we think the decree should be recast.

Relators sought to enjoin the seizure under executory process of their property upon three separate and distinct grounds, viz. (1) insufficiency of evidence; (2) fraud and misrepresentations; and (3) a liquidated account pleaded in compensation.

When the execution of a writ of seizure and sale is enjoined for insufficiency of evidence, plaintiff is required to furnish bond. Code Prac. art. 298. et seq.

When the injunction is sought upon the allegations of fraud and misrepresentations (Code Prac. art. 739, No. 6, and a liquidated account pleaded in compensation (Code Prac. art. 739, No. 7), no bond is required (Code Prac. art. 740).

If plaintiff in injunction, in his petition, cumulates with any of the grounds which under Code Prac. art. 739, justifies the issuance of the writ without bond, other grounds or facts which are not enumerated in that article, he must furnish bond; otherwise, on the trial of the suit in which the injunction is issued, he will be confined to the proof of the particular cause or causes in that article upon which he has based his proceeding for injunctive relief. Williams v. Richardson, 30 La. Ann. 1164; Berens v. Executors of Boutte, 31 La. Ann. 112; Gillaspie v. Scott, 32 La. Ann. 767; Hodgson v. Roth, 33 La. Ann. 941.

For the reasons assigned, our original opinion is reinstated, and we have recast our original decree, in accordance with the views herein expressed, so as to read as follows:

It is ordered that the rule herein issued be now made absolute, and the respondent judge is now directed to grant relators a preliminary injunction as prayed for, either upon their furnishing bond and security in a sum to be fixed by him, or without bond, as

said relators shall elect, and, should relators fail to furnish the bond and security fixed by the said judge, on the trial of said injunction suit, they shall be confined to the proof of the particular causes in Code Prac. art. 739, which they have alleged and set forth in their petition for injunctive relief. The costs hereof to be paid by the respondent, Briscoe.

O'NIELL, C. J. (dissenting). The relators in this case were defendants in an executory proceeding, and are plaintiffs in an injunction suit. In their petition for injunction they alleged (1) that the mortgage was obtained by fraud and misrepresentation, and (2) that they had a liquidated claim against the seizing creditor which would compensate or offset the latter's claim against them. They were therefore entitled to a writ of injunction, as a matter of absolute right, and without giving bond. Code of Prac. art. 739, Nos. 6 and 7; and article 740.

Justice ST. PAUL so ruled, in the original opinion which he handed down in this case; but, in his decree, directing the district judge to grant the writ of injunction, the learned justice made the mistake of saying that the plaintiff in the injunction suit should give bond for such sum as the district judge might require. According to article 740 of the Code of Practice, the district judge could not require the plaintiffs to give bond for an injunction obtained on either of the allegations of their petition, viz. either that the mortgage was obtained by fraud or misrepresentation, or that the plaintiffs in the injunction suit had a liquidated claim to plead in compensation.

A rehearing was granted merely to correct the error of saying, in the court's decree, that the plaintiffs in the injunction suit should give bond.

We ought to correct the error by saying, according to articles 739 and 740 of the Code of Practice, that the plaintiffs are not re-quired to give bond. Instead of so saying, the decree written by Justice ROGERS says that the plaintiffs may take their choice of an injunction with or without bond; provided that, if they take the injunction without bond, they must confine their proof to the two material defenses which they have set up in their petition for injunction, whereas, if they give bond for the injunction, they may show also that there was not sufficient authentic evidence presented to the district judge, in the petition for executory proceedings, to warrant the order of seizure and sale.

Justice ST. PAUL had pointed out, in his opinion, that the allegation in plaintiffs' petition for an injunction, that there was not sufficient authentic evidence in the executory proceedings to warrant the order of seizure and sale, presented only a moot question, which the court would never have to decide.

The plaintiffs in this injunction suit, as defendants in the executory proceeding, realized at the outset that the only method by which they could present the question, whether there was sufficient authentic evidence in the executory proceedings to sustain the order of seizure and sale, was by an appeal from the order. Therefore they did obtain an order of appeal. But they realized also that an appeal from an order of seizure and sale was not a substantial defense, but could merely convert the proceeding via executiva into a proceeding ordinaria. And they realized that their two substantial defenses—that the mortgage had been obtained by fraud or misrepresentation and that they had a liquidated account to plead in compensation—were defenses which they could urge by way of an injunction without bond, but not by an appeal from the order of seizure and sale. Therefore the defendants in the executory proceeding abandoned their appeal and filed a petition for an injunction without bond, under articles 739 and 740 of the

Code of Practice. Having alleged the two causes for which they were entitled to the injunction without bond, under articles 739 and 740 of the Code of Practice, they threw in, for lagniappe, or for good measure, the allegation that the order of seizure and sale had issued without sufficient authentic evidence.

Of course, the plaintiffs in this injunction suit are not going to furnish a bond merely to have the privilege of pointing out—or contending or arguing with the district judge—that his order of seizure and sale was not warranted by sufficient authentic evidence in the executory proceeding. What advantage would that be? Its only purpose would be to convert the proceeding via executiva into a proceeding via ordinaria. But the conversion has already been accomplished, in effect, by the granting of the injunction without bond; for the defendants in the executory proceeding have now, as plaintiffs in this injunction suit, the same opportunity for presenting their substantial defenses to the original suit as if it had been commenced via ordinaria. That is what Justice ST. PAUL said, substantially, in the opinion which he handed down, viz.:

"It may be that in this proceeding we might here and now pass upon the question whether the mortgage relied upon is an authentic act, and whether the notes sued upon are sufficiently identified with that act to authorize executory process thereunder, but on consideration we think it inadvisable to do so; for relators have set up other grounds for their injunction, upon which we think they are entitled to the injunction of right, and since respondent, Briscoe [plaintiff in the executory proceeding], will doubtless in answer to said injunction reconvene for the amount of his claim, so that the real controversy between the parties will then be fully thrashed out and the question of proceeding via executiva or via ordinaria become a mere abstract one, we have concluded not to pass at this time on the right of respondent to proceed via executiva. For accordingly as plaintiffs in injunction be successful or unsuccessful in their attempt to prove the alleged fraud it is certain that the final judgment in the case must either reject respondent's claim in toto or give him judgment in full therefor, recognizing his mortgage and entitling him to execute such judgment by writ of fi. fa.

"That is to say, we find that relators are entitled of right to their writ of injunction, so as to try their issue of fraud, and we feel that when that issue is disposed of the matter of proceeding by seizure and sale or by fi. fa. will be of no further consequence to either party."

What I desire to register my protest against in this case, however, is the pronouncement made in the opinion of Justice ST. PAUL—which he virtually admitted was only a matter of academic discussion, but which seems to be carried into the decree written finally by Justice ROGERS—that a defendant in an executory proceeding is entitled to a writ of injunction on the allegation merely that there is not sufficient authentic evidence to sustain the order of seizure and sale. Justice ST. PAUL did not quite say that. But he undertook to show that two recent decisions of this court had upset all previous jurisprudence on the subject. He cited Hackemuller v. Figueroa, 125 La. 307, 51 So. 207, and Bass v. Barthelemy, 134 La. 319, 64 So. 126, as if they were the last decisions on the subject. But the learned justice was mistaken. There were many decisions before the ruling in Hackemuller v. Figueroa and Bass v. Barthelemy, and there have been several since, maintaining that a defendant in executory proceedings is not entitled to a writ of injunction on the allegation or showing that the order of seizure and sale was issued without sufficient authentic evidence; the only remedy of the defendant in such case being an appeal from the order of seizure and sale. Here are the decisions which I shall quote from, viz. Durac v. Ferrari, 25 La. Ann. 80; Naughton v. Dinkgrave, 25 La. Ann. 538; City of Shreveport v. Flournoy, Sheriff, et al., 26 La. Ann. 709; Linn v. Dee, 31 La. Ann. 219; Wood & Roane v. Wood, 32 La. Ann. 801; Montejo v. Gordy, Sheriff, et al., 33 La. Ann. 1115; Latiolais v.

Citizens' Bank, 33 La. Ann. 1453; Carroll v. Chaffe, 35 La. Ann. 86; Chaffe v. Du Bose, 36 La. Ann. 257; Dupre v. Anderson, 45 La. Ann. 1135, 13 So. 743; Buck v. Massie, 109 La. 782, 33 So. 767; State ex rel. Pelletier v. Sommerville, Judge, 112 La. 1099, 36 So. 864; Richardson v. McDonald, 139 La. 651, 71 So. 934; Franek v. Brewster, 141 La. 1044, 76 So. 187.

The case of Bass v. Barthelemy, 134 La. 319, 64 So. 126, cited in the opinion handed down by Justice ST. PAUL is really not in conflict with the decisions which I have cited, because Bass v. Barthelemy was not an injunction suit at all, but an action to annul a sale that had been made in foreclosure of a mortgage against a nonresident of the state.

The other decision cited by Justice ST. PAUL (Hackemuller v. Figueroa, 125 La. 307, 51 So. 207), stands alone in our jurisprudence, and is an erroneous application of a previous decision by the same author. The previous decision (Calhoun v. Bank, 30 La. Ann. 772) was a correct ruling, but was not at all applicable to the case of Hackemuller v. Figueroa. In the former case the defendant in the injunction suit, plaintiff in executory proceedings, contended that the only grounds or causes for which a defendant in executory proceedings could obtain an injunction were those enumerated in article 739 of the Code of Practice, and that, if the defendant had any other complaint, his remedy was to appeal from the order of seizure and sale. The court ruled otherwise, of course, maintaining that the grounds or causes enumerated in article 739 of the Code of Practice were those for which the defendant in executory proceedings might obtain an injunction without giving bond, and that, to obtain an injunction for any other cause, as, for example, for any of the causes specified in article 298 of the Code of Practice, the plaintiff in the injunction suit had to furnish a bond, according to article 304. It was not said, or suggested, that a defendant in executory proceedings could obtain an injunction on the allegation or showing that the order of seizure and sale had issued without sufficient authentic evidence. There was no such question in the case. But in Hackemuller v. Figueroa, where the injunction was improperly obtained on the allegation that the order of seizure and sale had issued without sufficient authentic evidence, the author of the opinion in Calhoun v. Bank misapplied the doctrine of that decision, and ruled that the defendant in executory proceedings, on alleging or showing that the order of seizure and sale had issued without sufficient authentic evidence, might either appeal or obtain an injunction, at his option, viz.:

"It is true that the defendant in the seizure might have appealed, the facts relied on being patent on the face of the record; but * * * that an appeal is not the only remedy is evident, since the law provides the remedy by injunction (Code Prac. arts. 303, 304, 740, 741, 742, 749, 750; Calhoun v. Bank, 30 La. Ann. 780)."

To maintain that a defendant in executory proceedings may obtain an injunction, instead of appealing from the order of seizure and sale, on the allegation or showing that the order of seizure and sale issued without sufficient authentic evidence would bring about anomalous results. The question whether a plaintiff in executory proceedings presents sufficient authentic evidence to entitle him to the order of seizure and sale must be determined from the face of the record, by the judge to whom the petition is addressed. Is it possible that the mere allegation, which would be only the opinion, of the defendant in such case, that there was not sufficient authentic evidence to warrant the order of seizure and sale, should compel the judge to stultify himself by granting an injunction against his fiat? If that should ever become the law, no one would ever ap-

peal from an order of seizure and sale, by giving bond for 50 per cent. more than the amount secured by the mortgage. Orders of seizure and sale would then have little or no force or effect, for they would always be subject to the right of the defendant to halt the proceeding via executiva, and convert it into a proceeding via ordinaria, by merely disputing the opinion of the judge, with regard to the sufficiency of the evidence before him. That cannot possibly be the law.

On the other hand, if the judge, in such case, may exercise his discretion and either withhold or grant the injunction, according to his judgment as to whether the authentic evidence before him is sufficient or insufficient to sustain his order of seizure and sale, there will be nothing left for the judge to decide after he has granted an injunction on the defendant's allegation that the order of seizure and sale issued without sufficient authentic evidence. In such case, the judge might as well, at once, set aside his order of seizure and sale, instead of granting an injunction against it; for orders of seizure and sale are only ex parte orders, which do not adjudicate upon any issue between the parties.

The final decree written by Justice ROGERS in this case is a splendid exemplification, and a demonstration, of the fallacy of maintaining that a defendant in executory proceedings may arrest the seizure and sale by injunction by alleging merely that there is not sufficient authentic evidence to sustain the order of seizure and sale. The decree, stated broadly, is that the district judge shall grant the preliminary injunction either with or without bond, provided that, if the plaintiffs in the injunction suit do not furnish bond, they shall not be allowed to prove their allegation that there is not sufficient authentic evidence to sustain the order of seizure and sale, and "they shall be confined to the proof of the particular caus-

es in Code Prac. art. 739, which they have alleged and set forth in their petition." Now, how, I ask, can the plaintiffs in this case, defendants in the executory proceedings, be required to prove their allegation that there is not sufficient authentic evidence to sustain the order of seizure and sale? How could they prove it? It is only a matter of opinion—a question of law—to be determined by the court itself, whether the evidence in the case is sufficient to sustain the order of seizure and sale. That is why the question should be propounded by way of an appeal from the order of seizure and sale, and not by a petition for injunction.

My purpose in writing this dissenting opinion is to prevent a muddling of the jurisprudence on the subject. Except for the unfortunate misapplication of the doctrine of Calhoun v. Bank, in the case of Hackemuller v. Figueroa, there would never have been a departure from the rule so firmly established by the long list of decisions which I have cited, maintaining that a defendant in executory proceedings is not entitled to an injunction on the allegation or contention that the order of seizure and sale issued without sufficient authentic evidence.

The supposition in the original opinion handed down in this case, that Hackemuller v. Figueroa and Bass v. Barthelemy were the latest decisions on the subject, and had overturned what was theretofore the settled jurisprudence was a mistake; that is all. And the supposition was not pertinent or necessary to the deciding of this case.

I shall quote now, literally, from the decisions which I have cited; not one of which decisions has ever heretofore been referred to with disapproval. And I do this with the profound hope and purpose of seeing that the unfortunate ruling in this case shall not be regarded by the profession as the undoing of these many years of lawmaking on the subject.

From Durac v. Ferrari, 25 La. Ann. 80, I quote:

"An appeal is the proper remedy where a decree of seizure and sale has been obtained on insufficient evidence."

From the City of Shreveport v. Flournoy, Sheriff, et al., 26 La. Ann. 709, I quote:

"The objection that there was not sufficient evidence to authorize the order of executory process cannot be examined on an injunction. The remedy was by appeal."

From Wood v. Wood, 32 La. Ann. 801, I quote:

"The only question before this court in an appeal from an order of seizure and sale is whether there was legal and sufficient evidence before the judge to justify his fiat."

From Montejo v. Gordy, Sheriff, et al., 33 La. Ann. 1115, I quote:

"It is true as contended by counsel of appellee, that the sufficiency of evidence to authorize the order of executory process cannot be examined on an injunction, and the remedy in such cases is by appeal. City of Shreveport v. Flournoy, 26 Ann. 709; Rhea v. Taylor, 8 An. 23; Bloom v. Martin, 20 An. 256; and therefore we can, in that regard, enter upon no such examination."

From Latiolais v. Citizens' Bank, 33 La. Ann. 1453, I quote:

"The question whether there was sufficient authentic evidence to justify the fiat of the district judge, should have been presented on appeal and not on a petition for an injunction."

From Chaffe v. Du Bose, 36 La. Ann. 257, I quote:

"Injunction will not lie to restrain executory process for want of authentic evidence of the indorsement of the notes. The remedy in that case is by appeal from the order of seizure and sale."

From Dupre v. Anderson, 45 La. Ann. 1135, 13 So. 743, I quote:

"The particular ground upon which the injunction is rested is that the order of seizure and sale issued without production of the complete authentic evidence required by law. It has been repeatedly and distinctly held that

this affords no ground for injunction in any case, but that the remedy is by appeal. * * * Shreveport v. Flournoy, 26 An. 709." etc.

From State ex rel. Pelletier v. Sommerville, Judge, 112 La. Ann. 1099, 36 So. 867, which was written by the author of both of the opinions cited by Justice ST. PAUL, Hackemuller v. Figueroa and Bass v. Barthelemy, I quote what he quoted from Naughton v. Dinkgrave, 25 La. Ann. 538, and what he added, viz.:

"This court there held (quoting from the syllabus) that: 'An order of seizure and sale should not be enjoined for insufficiency of the evidence upon which it was rendered. The remedy is by appeal. * * * A district judge cannot revise his decrees by injunction on the ground of the insufficiency of proof.' * * * The propositions contained in this excerpt are based upon plain provisions of law."

From Richardson v. McDonald, 139 La. 651, 71 So. 943, I quote:

"The only remedy of a defendant in executory proceedings, who complains merely that there was not sufficient authentic evidence before the court to warrant the issuance of the order of seizure and sale, is to appeal from the order."

From Franek v. Brewster, 141 La. 1044, 76 So. 192, I quote:

"The only process afforded a defendant for arresting executory proceedings, on the complaint that there was not sufficient authentic evidence before the judge to authorize the issuance of his fiat, is by an appeal from the order of seizure and sale. And the only remedy for arresting executory proceedings, on grounds not disclosed by the proceedings, is by injunction."

When a court of last resort finds two lines of decisions crossing each other on a point of law, and the court cannot reconcile the conflicting decisions with a reasonable and candid explanation, there is nothing for the court to do but to overrule one and affirm the other line of decisions. Here we find that the court has decided 14 times that a defendant in executory proceedings cannot arrest the seizure and sale by injunction for

insufficiency of the authentic evidence on which the order of seizure and sale issued, his remedy being by appeal from the order of seizure and sale, and we find that the court has decided once the other way. The 14 decisions one way are sound in their logic and have never been referred to with disapproval; the one decision the other way (Hackemuller v. Figueroa) is obviously wrong, would lead to anomalous results, and has been virtually overruled by later decisions to the contrary.

For all of which reasons, I respectfully decline to approve the final decree in this case, in so far as it seems to carry out the wrong and unnecessary supposition announced in the original opinion, that a defendant in executory proceedings may arrest the proceedings by a preliminary injunction, instead of appealing from the order of seizure and sale, on the allegation that the order of seizure and sale is not supported by sufficient authentic evidence.