### GABRIEL LOUBIÈRE v. OCTAVE LEBLANC et al.

The acceptance of a succession may be established against an heir by proof of payment of its debts by him. He may however rebut the legal presumption arising from such proof, by showing that it was done under protestation or with other motives and intentions than that of accepting.

Where the heirs have formed a partnership, acts done in the partnership name, which would imply an acceptance of the succession, are presumed to be concurred in by all, and will bind them all in the absence of contrary proof.

APPEAL from the District Court of West Baton Rouge, *Robertson*, J.
*S. P. Greeves*; for plaintiff and appellant. *E. W. Robertson*, for defendants.

MERRICK, C. J. This suit is brought against the defendants to charge them, as heirs of their father *Villeneuve LeBlanc, Sr.*, with a debt of $729 89, and interest, due upon a promissory note given by the deceased.

The defendants are interested as partners in the plantation and slaves which belonged to the deceased, and which they caused to be sold during his life time, it seems, to satisfy a large sum of money due them by him, their said father, as tutor.

On the trial in the lower court, in order to prove the acceptance of the defendants as heirs purely and simply, the plaintiff offered to prove by witnesses that the defendants had paid certain debts of the deceased; but it turning out, on an examination of the witnesses, that the debts were paid by the partnership *Villeneuve LeBlanc, Jr. & Co.*, it was objected by defendants' counsel that the testimony was inadmissible to charge the heirs in their individual capacities. This objection being sustained by the court, the plaintiff excepted, and judgment having been rendered in favor of the defendants; he has appealed.

It is not doubtful that the heir may testify his acceptance of a succession by the payment of debts as well as other acts. The principle is recognized in Article 995 of the Civil Code. It is as follows:

"An act of piety or humanity towards one's relations is not considered as an acceptance; it is not, therefore, an acceptance to take care of the burial of the deceased, or to pay the funeral expenses even without protestation."

The principle implied by this Article has its origin in the Roman law.

"Cum debitum paternum te exsolvisse alleges: proportione hereditaria agnovisse te hereditatem defuncti non ambigitur. Code L. VI, T. 30, Const. 2; Ibid. L. III, T. 28, § 1, Const. 8.

But, as the heir may have other motives in paying the debts of the deceased, than those of accepting the succession, he may rebut the presumption arising from the payment of debts, by showing that it was done under a protestation or with other motives and intentions. See 8 N. S. 556, 557, *Flower* v. *O'Conner*.

The testimony offered was not the less admissible, because the receipt was taken in the name of the firm. It should have been received, leaving to the heirs who did not join in the payment, the right to show that it was done without their knowledge or approbation. For it is clear that the acceptance of a succession can be as effectually brought about by the joint act of all the heirs as by the separate act of each; and where the heirs have formed a partnership and do an act in their partnership name as heirs, they must all be presumed to have concurred in it, and if the contrary be pretended, they should be left to rebut the presumption by showing the real facts under which such payment was made. As the furniture and other movables in the possession of the defendants appear to have been claimed by the heirs prior to the death of their ancestor, the testimony now in the record is insufficient to charge them as heirs on that account; for it appears they claimed it under another title than that of heirs. But, as we shall remand the case on account of the rejection of testimony, we shall leave the whole case open.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this cause be remanded to the lower court for a new trial, with instructions to the court to receive the testimony offered to prove the payment of the debts of the deceased by the defendants, although it shall appear that such payments were made in their partnership name; and it is further ordered, that the defendants pay the costs of the appeal.