## No. 2012.—Succession of Widow Theodore Zeringue.

The action for a separation of patrimony is prescribed against in three months from the date of acceptance of the succession by the heir. C. C. 1409. If a creditor fails to bring suit for, or demand a separation of patrimony from the heir for more than three months after acceptance of the succession, his debt becomes a personal one against the heir, and will rank inferior to a mortgage debt which the heir has created on the property.

APPEAL from the Second District Court, parish of Orleans—*Duvigneaud*, J. *James D. Augustine* and *H. Dugue* for appellants. *C. E. Schmidt* for Mrs. Steph, opponent and appellee.

Wyly, J. This is an opposition to an administrator's account, and contest between creditors for preference in the funds in the hands of the administrator.

Widow Zeringue inherited a house and lot and some slaves from her mother, Mrs. St. Amand, who died in 1861, being her sole surviving heiress.

She lived in the house with her mother; and after her death, she continued to occupy her property and collect the hire of her slaves without administering.

The slaves having ceased to be property, she became anxious to raise some money on the house and lot, and in order to give confidence in her title, she made formal application to the probate court on thirtieth December, 1863, to be recognized as sole surviving heir, and to be put in possession of the property, which was done. On twenty-ninth February, 1864 (within three months thereafter), she borrowed from Widow J. Steph eleven hundred and ten dollars, and gave her note therefor secured by special mortgage on the house and lot, the mortgage certificate showing there were no prior mortgages on the property given either by Mrs. Zeringue or her mother, Widow St. Amand.

Widow Theodore Zeringue afterwards died, and H. F. M. Fortier was appointed administrator of her estate. He caused the house and lot in this city (the only remaining property) to be sold to pay debts; and filed his account, showing, after the payment of court charges and privilege claims, a balance of two thousand and fourteen dollars

and eighty-eight cents, proceeds of sale, which he allowed in his account to be applied to a claim which he alleged was due from Widow St. Amand to the minors Guillotte, issue of his wife by a former marriage with William Guillotte, deceased, and represented by Mrs. Fortier, his wife, as natural tutrix.

Widow J. Steph, the holder of the note for eleven hundred and ten dollars secured by special mortgage on the property sold, filed an opposition to the account, alleging that she had not been put on the tableau, and that the administrator ignored her claim, although she held the first mortgage, and that she was entitled above all other creditors to the funds in the hands of the administrator.

Mrs. Fortier, as tutrix of her minor children, issue of her marriage with William Guillotte, deceased, filed also an opposition, alleging that although her claim, in behalf of said minors, was correctly put down on the tableau for the amount of the principal, with its proper rank and privilege on the proceeds of the property sold, still the administrator had failed to allow the interest on said debt, which is equally due by preference. She further alleges that, on or about the fourteenth April, 1860, prior to her second marriage, she loaned a sum of money to Widow J. B. St. Amand out of the funds in her hands as tutrix of her minor children, taking her note drawn to her own order and indorsed for the amount. That after the death of Widow St. Amand, Widow Zeringue often acknowledged the debt as due by the estate of her deceased mother, and promised to sell property and pay it; but that notwithstanding these repeated promises, she caused herself to be put in possession of the succession of her mother, the said widow St. Amand, as her sole heiress, and then illegally granted a mortgage on the house and lot, the only property of the estate, to secure the debt to Widow J. Steph, created by herself since her mother's death. She claims that, as creditor of Widow St. Amand, she should be paid out of the proceeds of the property of the latter in preference to the creditors of Widow Zeringue. She admits, however, that she took a mortgage and the individual note of said Widow Zeringue for the debt contracted by her mother, Widow St. Amand, and gave up the original note to her; but avers that she did so without the authorization of her husband or of the court, and that she did not intend to novate the debt, nor to relinquish her right to contest the mortgage to Widow J. Steph. She prayed that the mortgage granted by Widow Zeringue to Mrs. J. Steph be declared null and void, or that the same be put down on the administrator's tableau only ranking after her claims in behalf of her said minors.

Widow J. Steph, in bar of the demand of Mrs. Fortier, as tutrix, to have her alleged debt decreed entitled to a preference over the personal creditors of Widow T. Zeringue, pleaded the prescription of three months in conformity with article 1409 C. C., averring that said

tutrix had failed to demand a separation of patrimony within three months from either the express or tacit acceptance by Widow Zeringue of her mother's succession.   She also averred that the alleged debt, due by Widow St. Amand to said tutrix, was novated by the mortgage and note of Mrs. Zeringue given in lieu thereof.

The Court sustained the opposition of Widow J. Steph, and ordered that the account of the administrator be so amended as to place her claim thereon, to be paid by preference out of tho proceeds to be distributed; and that tho claim of Mrs. Fortier as tutrix be placed next in rank on the tableau.

From that judgment Mrs. Fortier, as tutrix, and her husband, as administrator, have appealed.

The question is, has the creditor of Mrs. St. Amand a preference on the proceeds of the sale of the property inherited, possessed and controlled by her daughter for so many years without administering, over the personal creditors of the latter?

By article 1370 of the Civil Code, "Creditors have three kinds of action to cause themselve to be paid the debts due them by the deceased, viz :

"1. A personal action against the heirs or those who stand in the place of heirs;

"2. A hypothecary action against the detainers or possessors of the property mortgaged for their debts;

"3. And the action for the separation of the patrimony of the deceased from that of the heir."

By article 1409, " The suit for separation of patrimony must be instituted within three months from the express or tacit acceptance by the heirs.  After the expiration of this term it is not admitted."

The evidence in the record satisfies us that Widow Zeringue occupied and controlled, in her own right, the property which she inherited from her mother from the death of the latter in 1861, and that this was a tacit acceptance of the succession.  19 An. 60.  Mrs. Fortier, tutrix, was fully aware thereof, because for several years she rented rooms or boarded at her house.  We do not find in the record that any suit was ever instituted for a separation of patrimony, although seven years had elapsed since Widow Zeringue began the occupancy and control of the property which she inherited from her mother, Mrs. St. Amand.   We do not see what difference it makes whether Mrs. Zeringue assumed the ownership of the property by her tacit acceptance in 1861, or by her formal express acceptance in 1863, as Mrs. Fortier, tutrix, has not instituted suit for the separation of patrimony within three months of either of the acceptances ; indeed, there is not in this proceeding any legal demand for the separation of patrimony, because we find no compliance with article 1410 C. C., which says : " The petition for separation of patrimony shall not be received unless it be

accompanied with the sworn declaration of the creditor or creditors that they believe that the heir is embarrassed with debts, and that they have reason to believe that his personal debts will absorb the effects of the succession to their prejudice."

Mrs. Fortier, tutrix, without even attempting to cause herself to be paid by proceeding under article 1370 C. C., now seeks to have the mortgage of Mrs. J. Steph declared null as done in fraud of her rights, when in fact she has never attempted to assert any rights against the succession of Mrs. St. Amand. The fact that Mrs. Zeringue mort- gaged the property to Mrs. J. Steph within three months after the formal acceptance in 1863, does not now give Mrs. Fortier, tutrix, the right to have the same declared null as done in fraud of her rights.

Article 1411 C. C. must be construed in reference to article 1409 C. C. The latter article limits the period for the action of separation of patrimony to three months, and says: "After the expiration of this term it is not admitted." Article 1411 C. C. provides that within this term the heir cannot alienate or mortgage the property to the preju- dice of the creditors, and if he does they may cause the act to be de- clared null as done in fraud of their rights.

If they do not assert their rights within the three months, they lose them as against the succession; and their only remedy then is a per- sonal action against the heirs, or those who stand in place of the heirs. C. C. 1770.

We understand article 1411 C. C. to prevent the heir from alien- ating or mortgaging the property to the prejudice of the rights of the creditors, and if so, to have it declared null. It does not render abso- lutely null the mortgage given within the three months; it only does so when the same is prejudicial to the rights of the creditors. What right of the creditors? The right within three months to an action for separation of patrimony. C. C. 1409. If a creditor has lost his right by failing to exercise it within the period limited by law, how can a mortgage or sale of the property by the heir affect him? How can it prejudice rights which he has lost? How can we say that the mortgage of Mrs. J. Steph prejudices the right of Mrs. Fortier, tutrix, to have the property of Mrs. J. B. St. Amand separated from that of her heir so as to have a preference thereon over the personal creditors of the heir, when she has failed to assert that right in the time and manner provided by law? She has lost her right, and the mortgage cannot be said to be prejudicial to a right which has already ceased to exist.

The defense to the prescription of three months, that the same can- not run against the minor heirs represented by Mrs. Fortier, is not available. We know of no exception to article 1409 of the Civil Code. It was the duty of the tutrix to protect those for whom she was ap- pointed to act. If she failed to discharge her duty by causing the

property of Mrs. St. Amand to be separated from that of the heir in the time and manner provided by law, or if the rights of the minors have been impaired by her neglect, she will be amenable therefor.

On the whole, we think the judgment of the Court below fully sustained by the law and the evidence.

Judgment affirmed, with costs.