Brierly vs. Johns and Tanner.

## No. 6160.

### E. C. BRIERLY VS. N. H. JOHNS AND SIDNEY TANNER, ADMINISTRATORS OF THE ESTATE OF JABEZ TANNER.

Upon its face, the obligation which is the foundation of the note on which the estate of Jabez Tanner is sued was prescribed when the note was executed. It purports to have been done for work done and money advanced. That portion of the alleged debt which was for work done, if plaintiff was a laborer, was prescribed by one year. If an overseer, his claim was barred by three years. That portion of it which was for money advanced was also barred by three years. If the note was given, as alleged, in renewal of another note, which could not be paid, and which represented a large sum of money due to plaintiff, this second note which is the note sued on, is dated February 11, 1867, and this suit was instituted on the twelfth of November, 1874. Again, prescription has run, and is not interrupted by payments said to have been made at different times down to the first of January, 1872; these alleged payments appear by indorsements on the back of the note. But they are not signed by any one. The judge *a quo* erred in permitting parol evidence to prove their verity.

It is contended that a clause in a lease offered in evidence is a written acknowledgment of the debt sued upon, which takes it out of prescription. But the lease having been entered into on the thirty-first of December, 1868, more than five years had elapsed before the institution of this suit. Prescription, therefore, had again been acquired.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. R. A. Hunter,* for plaintiff and appellee. *W. F. Blackman,* for defendant and appellant.

MORGAN, J. The estate of Jabez Tanner is sued on the following instrument :

"CHEYNEYVILLE, RAPIDES PARISH, LA.,

"February 11, 1867.

"$5586. One day after date I promise to pay to E. C. Brierly, or order, five thousand five hundred and eighty-six 68-100 dollars in gold, specie currency of the United States, for work done and money advanced for the use and benefit of the estate of the late Jabez Tanner, deceased, anterior to the year 1861, with eight per centum interest per annum from date until paid.

"(Signed)                                ESTHER P. TANNER,

"Administratrix of the estate of Jabez Tanner, deceased."

Upon its face, the obligation which is the foundation of the note was prescribed when the note was executed. It purports to have been given for work done and money advanced. That portion of the alleged debt which was for work done, if he were a laborer, was prescribed by one year. C. C. 3534. If he were an overseer, his claim was barred by three years. C. C. 3538. That portion of it which rested on money advanced was also barred by three years. C. C. 3538.

But plaintiff swears that Jabez Tanner owed him a large sum of money in the year 1869, for which he gave him his notes ; that in 1862, Tanner having died in 1860, he presented these notes to Mrs. Tanner, who

represented Jabez Tanner's estate, who, having no money to pay the same, gave him a note in renewal of the amount of the original note; that in February, 1867, he again demanded payment of the note given in 1862, and she being still unable to pay him, he asked for a renewal of that note, to which she consented, and executed the note upon which this suit is brought.

The note sued on, as we have seen, is dated eleventh February, 1867, This suit was instituted on the twelfth November, 1874. On its face, therefore, it is prescribed. Plaintiff contends that it is taken out of prescription by payments made at different times down to first of January, 1872. These alleged payments appear by indorsements on the back of the note. But these acknowledgments are not signed by any one. Their verity, however, was attempted to be proved by parol. To the introduction of this evidence the defendant excepted.

We think the court erred. See the case of Succession of Hillebrandt, 21 An. 350.

But plaintiff still contends that he has a written acknowledgment of his debt in a lease of certain property belonging to the succession. The clause in the lease which is relied upon is as follows: "And it is furthermore agreed to between the parties that the said George H. Sollis is to pay one-half of the yearly rent unto Edward C. Brierly until the debt which Brierly holds against the said Mrs. E. P. Tanner, *as executrix,* is satisfied."

If we admit that this clause in the lease was a written acknowledgment of the debt, with reference to which, however, it is not necessary to express an opinion, still, the lease having been entered into on the thirty-first of December, 1868, more than five years had elapsed before the institution of this suit. Prescription, therefore, had again been acquired.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that there be judgment in favor of defendants, with costs in both courts.

Rehearing refused.