No. 3538

Second Circuit

———

BASKIN v. ABELL, SHERIFF, ET AL.

———

(May 8, 1929. Opinion and Decree.)

———

E. B. Moore, of Winnsboro, attorney for plaintiff, appellee.

C. J. Ellis, Jr., of Rayville, attorney for defendants, appellants.

WEBB, J.   The plaintiff, J. A. Baskin, enjoined the execution of a judgment held by Alex Watson against H. C. McClure, under which a motor-truck had been seized as the property of McClure.   It being alleged that the property seized had been transferred to plaintiff, Baskin, by McClure in consideration of an indebtedness due by McClure to Baskin of $150, and of the obligation of Baskin to pay an indebtedness of $113 due by McClure to one Mayberry, in answer to which defendant Alex Watson denied that the property had been transferred to Baskin, or that Baskin was the owner of the property, and alleged that, if such transfer was made as alleged, it was a simulation and made in fraud of the creditors of McClure.

On trial, judgment was rendered decreeing plaintiff, Baskin, to be the owner and entitled to the possession of the property, and enjoining defendants, sheriff and Watson, from selling the same, from which they appeal.

The action of plaintiff, as well as the defense interposed, is based upon article 398 of the Code of Practice, which reads:

"If the opposition has for its object to set aside the order of seizure, as having been effected on property not belonging to the party against whom the order was directed, but owned on the contrary by the third person making the opposition, it must be done by means of a petition, which, together wth a citation, must be served on the party making the seizure, as in ordinary suits; but such opposition shall be considered as a separate demand, distinct from the suit in which the order was granted: Provided, that in all cases where personal property is seized upon mesne or final process, and is claimed by a third opponent, the seizing creditor may be allowed in his answer to the third opposition, to allege and prove his title fraudulent, and the court shall try and decide the issue thus made."

And it is apparently contended by the defendants that the court erred in its finding that there was in reality a transfer of the property by McClure to Baskin, and, in the alternative, that it erred in failing to find that the transfer was made in fraud of the creditors of McClure.

It is conceded that the plaintiff carried the burden of proof to establish that the title to the property was in reality transferred to him by McClure (Wafer v. Pratt, 1 Rob. 42, 36 Am. Dec. 681), and that he had taken possession prior to the seizure by defendants.

The evidence conclusively established that the property was in the possession of plaintiff at the time of the seizure, and that the delivery had been made under the agreement as alleged by plaintiff; that is, in consideration of the payment of an indebtedness of $150 due by McClure to plaintiff, Baskin, and the agreement of Baskin to pay $113 due by McClure to Mayberry; but it is urged that the consideration of the transfer being in part the obligation to pay a debt of McClure, and the agreement not having been written, it was void, in view of article 2278 of the Civil Code, which reads, in part, as follows:

"Parol evidence shall not be received: * * * 3. To prove any promise to pay the debt of a third person. * * * But in all the cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party, who is alleged to have made the acknowledgment or promise, or by his agent or attorney in fact, specially authorized in writing so to do."

We are not considering what may be the right of Mayberry to proceed directly against plaintiff, Baskin, to enforce the obligation of Baskin to McClure; but the sole question is whether or not the agreement made by Baskin, in consideration of the transfer to him of property by McClure, to pay to Mayberry the sum of $113, was void by reason of the fact that the agreement was not reduced to writing. If the agreement was void, the sole reason must be that, in an action by McClure against Baskin, to enforce the agreement, the latter could avail himself of the provisions of the statute prohibiting the consideration of parol evidence to prove the promise to pay the debt of a third person, in answer to which, without considering other provisions of the Code, it would be sufficient to say that "the statute contemplates the mere promise of one man to be responsible for another, and cannot be interposed as a cover and shield against the actual obligations of the defendant himself" (Browne, Statute of Frauds, sec. 165; Davis v. Patrick, 141 U. S. 479, 12 S. Ct. 58, 35 L. Ed. 826), and we are of the opinion that the agreement, as between McClure and plaintiff, was valid and enforceable, and that the title to the property vested in the plaintiff under the agreement.

Relative to the contention that the court erred in failing to find the transfer to have been made in fraud of the creditors of McClure, the right of defendant to have the transfer annulled, or the seizure of the property maintained, was dependent upon whether or not the transfer was made by McClure, to the knowledge of plaintiff, with such fraudulent intent, and whether or not McClure was insolvent to the knowledge of plaintiff, as to which the defendant carried the burden of pleading and proof (Hicks Co., Ltd., v. Thomas, 114 La. 219, 38 So. 148; Seixas v. Citizens' Bank, 38 La. Ann. 424; Hart & Co. v. Bowie, 34 La. Ann. 325: also Modisette v. Hathaway, 147 La. 1035, 86 So. 485); and there is neither allegation nor proof that the transfer was made for the purpose of defrauding the creditors of McClure, to the knowledge of plaintiff, or that McClure was insolvent at the time of the transfer.

We therefore find that the judgment is correct under the pleadings and the evidence, and it is affirmed.