**177 So. 233**

**COREIL v. VIDRINE.**

No. 34502.

Nov. 2, 1937.

Guillory & Guillory, of Ville Platte, for relator.

Dubuisson & Dubuisson, of Opelousas, for respondent.

HIGGINS, Justice.

The plaintiff obtained an order of executory process against the succession of Joseph A. Guillory, contradictorily with the administrator, Lionel J. Guillory, a major son of the deceased, on an authentic act of mortgage and the note secured thereby dated December 6, 1927, in the sum of $1,521.63, maturing one year after date. The deceased died January 8, 1928, and the order via executiva was signed June 12, 1936. There are several notations on the reverse side of the note, unacknowledged and unsigned, purporting to represent payments by the widow in community of the deceased, all of which were made within the prescriptive period of five years.

The administrator, under the authority of article 738 of the Code of Practice, filed an opposition to the seizure and sale, pleading that the note was prescribed on its face by five years liberandi causa, and prayed for an injunction without bond, as authorized by article 739 (par. 8), and article 740 of the Code of Practice. He alleged that the unacknowledged and unsigned notations on the back of the note could not be considered by the court to maintain the order of seizure and sale because they were unauthentic; and that, as the deceased had been dead for more than twelve months, parol evidence, and the unacknowledged purported payments

appearing on the note, are inadmissible and incompetent under the provisions of paragraphs 2, 3, and 4, of article 2278, R.C.C., and section 1 of Act No. 11 of 1926.

Plaintiff answered the opposition by denying the correctness of the administrator's position and pleading the verity of the payments indicated on the back of the note, and that prescription on the note had been thereby interrupted.

The trial judge sustained the opposition and issued an injunction, and plaintiff suspensively appealed.

The Court of Appeal annulled the judgment of the trial court and rendered judgment in favor of the plaintiff. 174 So. 121. The administrator applied to this court for a writ of certiorari, which was granted, and the case is now before us for consideration.

The record shows that deceased died leaving a widow in community and children born of the union; that after his death on January 8, 1928, the widow and children continued to occupy the home, which was mortgaged to secure the note in question, without disturbance until November 29, 1935, when one of the decedent's sons opened his father's succession by applying for an administration thereof; that, upon learning of that action, plaintiff instituted this suit on December 10, 1935, to foreclose the mortgage (apparently for the purpose of preventing the property from being sold in the succession proceedings and being liable for the costs of administration); that, during the time that the

widow and children lived in the property, plaintiff assisted in the maintenance of the place out of consideration for the deceased; and that the widow made five payments on account of principal and interest of the note during the seven years that she and her children occupied the premises.

 We shall first consider the question of whether or not the unauthentic evidence consisting of the unsigned and unacknowledged notations on the back of the note, representing payments, may be considered by the court to maintain the order of executiva. It appears that the law is well settled that lack of authentic evidence to support an order of foreclosure by executory process must be raised by an appeal from the order of seizure and sale and cannot be raised by a rule nisi for an injunction. Weber v. Dawson, 172 La. 213, 133 So. 751; Durac v. Ferrari, 25 La.Ann. 80; Naughton v. Dinkgrave, 25 La.Ann. 538; City of Shreveport v. Flournoy, Sheriff et al., 26 La.Ann. 709; Linn v. Dee, 31 La.Ann. 217, 219; Wood & Roane v. Wood, 32 La.Ann. 801; Montejo v. Gordy, Sheriff, et al., 33 La.Ann. 1113, 1115; Latiolais v. Citizens' Bank, 33 La. Ann. 1444; Carroll v. Chaffe, 35 La.Ann. 83, 86; Chaffe v. Du Bose, 36 La.Ann. 257; Dupre v. Anderson, 45 La.Ann. 1134, 13 So. 743; Buck v. Massie, 109 La. 776, 782, 33 So. 767; State ex rel. Pelletier v. Sommerville, Judge, 112 La. 1091, 1099, 36 So. 864; Richardson v. McDonald, 139 La. 651, 71 So. 934; Franek v. Brewster, 141 La. 1031, 1044, 76 So. 187; S. Van Raalte v. Congregation of the Mission, 39 La.Ann. 617, 2 So. 190, and Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264. Therefore, whatever merit there might be in the defendant's position on this point cannot be considered, because he did not appeal from the order for executory process.

Counsel for the defendant also contend that parol evidence was incompetent and inadmissible under paragraphs 2, 3, and 4 of article 2278, R.C.C., and section 1, Act No. 11 of 1926. These paragraphs of article 2278, R.C.C., read, as follows:

"Parol evidence shall not be received: * * *

"2. To prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed.

"3. To prove any promise to pay the debt of a third person.

"4. To prove any acknowledgment or promise to pay any debt or liability, evidenced by writing, when prescription has already run.

"But in all the cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party who is alleged to have made the acknowledgment or promise or by his agent or attorney in fact, specially authorized in writing so to do."

 It will be noted that paragraph 2 of the article deals with an acknowledgment or promise to pay by a deceased party

and not a living party, and also covers the subject of renunciation of accrued prescription. In the instant case, plaintiff was seeking to use parol evidence to prove the acknowledgment of the debt by payments on account thereof by the widow, who was alive and present in the court room, and was not endeavoring to prove any promise or acknowledgment by her deceased husband. The record also shows that this case only involves a question of interruption of prescription, as distinguished from a case of renunciation of accrued prescription. Therefore, from the text of this part of the article, it would appear that paragraph 2 would have no application to this case, but diligent counsel for the administrator has referred us to Brierly v. Johns et al., 28 La.Ann. 245, which appears on its facts to support the defendant's contention that parol evidence to show acknowledgment or promise by a living person of a debt of a deceased party for the purpose of interrupting prescription was not admissible. The author of the opinion, without giving any reasons of his own, simply cited the Succession of Hillebrandt, 21 La.Ann. 350, as authority for his conclusion, but an examination of that case reveals that it merely holds that parol evidence is inadmissible to prove renunciation of accrued prescription, which is entirely in accord with the statutory provision. Furthermore, Brierly v. Johns, supra, is in conflict with the holding in Haight v. Johnson et al., 131 La. 781, 782, 60 So. 248, and is also contrary to the cases which hold that an interruption of prescription by acknowledgment of any one other than a party deceased may be shown

by parol evidence. Sentell v. Woods, 2 La.App. 343, and authorities therein cited.

■ It is our opinion that paragraph 2 of the article has no application to a case where the acknowledgment of the debt is made by a living person and that Haight v. Johnson et al., supra, being a later and better reasoned case than Brierly v. Johns et al., supra, should control.

■ Paragraph 3 of the article deals with a promise to pay the debt of a third person. The evidence shows that Mrs. Guillory joined her husband in signing the act of mortgage foreclosed upon. The payments by her were not a promise to pay but constituted a fulfillment of the widow's written promise to pay the note of her deceased husband, which she jointly contracted to secure by signing the act of mortgage, and which in her dual capacity as widow in community or co-owner in indivision and as usufructuary, it was her right and duty to pay under the doctrine of Haight v. Johnson et al., supra, and was not the debt of a third person. The object of paragraph 3 of the article is to prohibit the use of parol evidence to attach personal liability upon one person for the debt of another by virtue of the former's promise to pay the latter's debt, but there is no attempt, in this proceeding in rem to sell the property in order to pay the debt, to hold the widow personally liable for her husband's debt. Even if the payments could be considered a promise to pay the debt of a third person, parol evidence was nevertheless competent to prove them because the widow had a material interest in making them and received consideration

therefor, and paragraph 3 of the article does not apply to such a case. Fabacher v. Crampes, 166 La. 397, 117 So. 439; Baskin v. Abell, Sheriff, et al., 14 La.App. 601, 122 So. 133; Wallenburg v. Kerry, 16 La. App. 221, 133 So. 823; Calhoun & Barnes, Inc. v. Epstein Land & Imp. Co. (La.App.) 165 So. 539.

From what we have already stated, it is obvious that paragraph 4 of the article has no application, because prescription had not already run when the payments were made.

Relator contends that, when the notice of foreclosure was served upon the widow, she renounced the community of acquets and gains on January 16, 1936, and this renunciation nullified the effect of the payments which she had made on account of the note several years before. Whatever legal effect may be given to the renunciation of the community by the widow, it is clear to us that, as the usufructuary and the owner in indivision, she could not continue to possess and occupy the home for seven years and make several payments on account of the mortgage resting upon the dwelling, and be relieved retroactively of the legal effect of her action by a renunciation of the community several years later. Articles 2414, 2413, 1035, and 1034, R.C.C.; Haight v. Johnson et al., supra; Wisdom v. Parker, 31 La.Ann. 52; Succession of Zeringue, 21 La.Ann. 715; White et al. v. Blanchard et al., 19 La.Ann. 59; Loubiere v. LeBlanc, 12 La.Ann. 210. We expressly refrain from commenting upon whatever rights she may have prospectively as a result of the renunciation.

Act No. 11 of 1926, amending Act No. 207 of 1906, reads as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) months after the death of the deceased.

"Section 2. That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought within a delay of twelve (12) months after the death of the deceased, unless it consists of the testimony of at least one credible witness of good moral character, besides the plaintiff; or unless it be to corroborate a written acknowledgment or a promise to pay, signed by the debtor."

It will be noted that the above act deals with parol proof of the obligation itself of a deceased party, whereas paragraph 2 of article 2278, R.C.C., prohibits the use of parol evidence to show interruption of prescription of the obligation of a deceased party by something said or done by the decedent himself. In short, prior to the Act No. 207 of 1906, there was a statutory prohibition against the use of parol evidence to show interruption of prescription of a debt of a deceased person by words or actions of the de-

ceased, but nothing to prohibit the parol proof of the debt or liability itself, and Act No. 207 of 1906, as amended by Act No. 11 of 1926, was designed to restrict the use of parol evidence not with reference to proving any interruption of prescription of a decedent's debt, but with reference to proving the debt itself. Now, in the instant case, the debt or liability of the decedent is evidenced not only by written evidence but by written evidence in the most sacramental form, namely, by an authentic act. The suit is brought upon a promissory note signed by the decedent and paraphed by a notary public to identify it with an act of mortgage passed before the notary and signed by the decedent and his wife in the presence of two witnesses, in which the decedent solemnly admitted the debt herein sued upon. There is no question then of an attempt to prove a debt of the decedent by parol evidence. The debt is proved by the written evidence and the parol evidence was offered to prove an interruption of prescription by the acts or acknowledgments of a living person, and this, we have seen, is not contrary to the provisions of article 2278, R.C.C.

To prevent fraud against the successions of deceased parties who cannot deny, from the grave, oral promises or acknowledgments imputed to them, the provisions of Act No. 11 of 1926 restrict the right to use parol evidence to prove the debt of a party deceased, and article 2278, R.C.C., prohibits the use of such evidence to prove an acknowledgment or promise of a party deceased to show an interruption of pre-

scription of the debt, even though the debt itself be evidenced by the most solemn writing. But that reasoning does not exist in the case where the acknowledgment of a living person (duly authorized to act in the premises) is relied upon as constituting an interruption of the prescription of a note of a deceased person and, therefore, the rule prohibiting parol proof of such an acknowledgment does not apply.

The final question is whether or not the widow in community as co-owner had authority to acknowledge the debt by payment on account of the note so as to interrupt prescription. In the case of Haight v. Johnson et al., supra, a case where the facts were very similar to the instant case, the Supreme Court said:

"What Mrs. Johnson did with respect to the debt here in question was what she was authorized by law to do, to wit, she arranged with the creditor to extend the term of payment from year to year on condition that she pay the interest from year to year; and in paying the interest she did what the law required her to do. The result was that at the expiration of 13 years the property remained to her and to the heirs intact in exactly the condition as to the debt for which it was liable in which she received it, and the present insistence of the creditor upon the payment of the debt places matters in exactly the condition in which they would have been if he had so insisted when the usufruct began.

"If the major heirs did not know, when, with their mother, they went into actual possession of the property in question in

1898, that it was incumbered by a mortgage debt, created by their father, and if they never heard of that debt in the 13 years which followed, during which their mother was paying the interest thereon year by year, we have only to say that they ought to have known it, and that it makes no difference whether they knew it or not. If the interest had not been paid, the property would long since have been sold by the sheriff. By reason of such payment, the property has been preserved to them up to the present time, and they ought not to be permitted to derive all the benefits of what has thus been done, and at the same time repudiate the correlative obligation resulting therefrom. * * *

. "It does not appear that the deceased husband disposed of his estate by last will; hence, the widow in community, joint owner with her major and minor children of the community property, became immediately upon the death of her husband the usufructuary of the interest inherited by the children, and in the double capacity of owner in indivision and usufructuary was authorized to pay the debt of the community which was secured by mortgage on the entire property, or obtain extensions of the term of payment, by paying the interest, from time to time, and such payments operated as interruptions of prescription as to the whole debt, and this, though she had never been judicially recognized as tutrix, administratrix, or usufructuary, and had not been authorized by her children to make such payments." 131 La. 781, at pages 788 and 794, 60 So. 248, 250.

The cases of Pavy v. Escoubas, 23 La. Ann. 531; Broussard v. Breaux, 23 La.Ann. 549; and Reed v. Succession of Gibson, 185 La. 821, 171 So. 43, upon which defendant relied, are not in point, because in those cases the parol evidence sought to be introduced for the purpose of interrupting prescription resulted from the words and actions of parties deceased.

For the reasons assigned the writ of certiorari is recalled and vacated at relator's costs.