ELLIS, Judge.
Plaintiff appeals from a judgment dismissing its suit on an exception of no cause of action.
In its original petition, filed on November 11, 1953, plaintiff alleges substantially the following facts, viz.:
Louis Calamia executed a promissory note, identified with a chattel mortgage, for $892.80 on April 8, 1953, payable in 18 monthly installments of $49.60 each; beginning on May 8, 1953. In Jiily of 1953, Calamia became delinquent in making the payments on the note and, on August 15, 1953, Marvin Renfro agreed to assume the balance of $595.15 due on the note and mortgage. Plaintiff waives stipulations in the mortgage which authorize executory process and seeks judgment for the unpaid balance of $595.15 on said mortgage, which remains unpaid despite amicable demand, and recognition of its lien against the mortgaged property as a first privilege thereon. The note contained an acceleration clause and provisions for 8% per annum interest from date of default, and .for 25% attorney’s fees.
An attorney ad hoc was appointed to represent Calamia who was out of the State.
A supplemental and amended petition was filed by plaintiff on December 13, 1954, containing the following allegations:
On or about August 24, 1953, Marvin M. Renfro, through his wife, Mrs. Marvin M. Renfro, agreed to assume the balance on said note and mortgage and took possession of the mortgaged vehicle. Mrs. Ren-fro is Mrs. Calamia’s aunt and she and her husband, Mr. Marvin M. Renfro, were thoroughly acquainted with the circumstances surrounding the note and mortgage of the Calamia vehicle on April 8, 1953, and the fact that the loan had become in default. Mrs. Marvin M. Renfro represented to plaintiff that she had the full authority of her husband to assume the unpaid debt on the mortgage and on the strength of this representation, the plaintiff agreed that Mr. and Mrs. Renfro could assume the debt and take possession of the mortgaged vehicle, without releasing the primary obligation of Louis Calamia to see that the mortgage contract was performed. Mrs. Renfro also represented to the plaintiff that her husband was employed out of town and needed the vehicle to go to and from work and that the purchase of this vehicle was a family necessity. After 'August 24, 1953, Mr. and Mrs. Renfro made a payment of $30 on October 3, 1953, a payment of $20 on December 10, 1953, a payment of $49.60 on January 9, 1954, a payment of $25 on March 3, 1954, and a payment of $25 on May 10, 1954, in ratification and confirmation of the agreement to assume the mortgage.
An exception of no cause or right of action and an exception of improper joinder were filed by Mr. Renfro’s attorney. The exceptions of no cause of action and of no right of action were sustained and plaintiff’s suit was dismissed.
An application for new trial and/or rehearing was filed January 19, 1955 but was dismissed.
*216 Plaintiff has perfected a devolutive appeal from the judgment of the trial court dismissing its suit on exceptions of no cause or right of action.
It is well settled that all well-pleaded allegations of fact contained in a petition which has been dismissed on an exception of no cause of action must be taken as true for the purposes of the exception. The question before this court is whether or not the allegations set forth above state a cause of action.
Defendant contends, on appeal, that the agreement sued upon in these proceedings amounts to a promise to pay the debt of a third person, and that, under Article 2278, Par. 3, of the LSA-Civil Code, such a promise cannot be proven by parol evidence :
“Parole Evidence—Proof of judgments, promise to pay debt of third person or renunciation of prescription.— Parol evidence shall not be received:
* * * * * *
“3. To prove any promise to pay the • debt of a third person.”
The above 'quoted article has been interpreted many times in our jurisprudence. In the case of Baskin v. Abell, 14 La.App. 601, 122 So. 133, 134, it is held that the “ ‘statute contemplates the mere promise of one man to be responsible for another, and cannot be interposed as a cover and shield against the actual obligations of the defendant himself.” Other cases similarly interpreting the article in question are: Coreil v. Vidrine, 188 La. 343, 177 So. 233; Fabacher v. Crampes, 166 La. 397, 117 So. 439; Wallenburg v. Kerry, 16 La.App. 221, 133 So. 823; Calhoun & Barnes, Inc., v. Epstein Land & Improvement Co., La.App., 165 So. 539.
As will appear from the following interpretation of.the alleged facts, an “actual obligation of the defendant himself” is set forth and, accordingly, on the trial on the merits, parol will be admissible to prove that obligation.
Under the facts alleged in the petitions, Calamia, Mrs. Renfro and Hammond Finance Company effected an agreement under which Calamia turned over the mortgaged vehicle to Mrs. Renfro on vhe strength of her promise to pay the balance due the Hammond Finance Co. on the original purchase price of the vehicle.
Counsel for defendant contends that such an agreement cannot amount to a sale since LSA-R.S. 32:705 provides that “On and after December 15, 1950, no person shall sell a vehicle without delivery to the purchaser thereof, * * * a certificate of title issued under this Chapter in the name of the seller with such signed endorsement of sale and assignment thereon as may be necessary to show title in the purchaser”. The case of Transportation Equipment Co., Inc., v. Dabdoub, La.App., 69 So.2d 640, 643, stands for the proposition that the “provisions of the statute clearly do not make the sale of a motor vehicle void if the transfer is not executed in conformity with the statute, but simply causes the title to be imperfect until the certificate is acquired.” In addition, it is found, in said case, that “the statute does not directly or by implication repeal the provisions of LSA-Civil Code Article 2456 * * * hence title to motor vehicles, although imperfect, may still be transferred in accordance with the provisions of LSA-Civil Code Article 2456 as between the parties, even though the purchaser has not complied with the Certificate of Title law.”
LSA-Civil Code Article 2456 reads as follows:
“The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.”
It is defendant’s contention that Mrs. Renfro could not bind her husband and the community for anything other-than necessities, and' that an automobile is not such a necessity. This question is. not before the Court, however, since Mr. Renfro ratified the purchase by making; *217 several payments on the purchase price and using the automobile with full knowledge of the circumstances under which it came into his possession.
On the face of the petitions plain-fiff has alleged facts which if proven would constitute a sale of the Calamia automobile to defendant Marvin M. Renfro, in consideration of his paying the balance due on the purchase price by Calamia and under the same terms as shown in the act of mortgage.
The court must conclude that there was ample consideration for Marvin M. Renfro’s promise. He obtained possession of the vehicle and, under the authorities cited above, he obtained a title to the vehicle, even though the title was imperfect. Prior to the date upon which this suit was filed, he used the automobile for a period in excess of a year.
For the reasons assigned, the judgment of the trial court dismissing plaintiff’s suit on an exception of no cause or right of action is reversed, and the case is remanded to the trial court for a trial on the merits.