HARDY, Judge.
This suit was instituted by plaintiff, Dom-enic Feducia, who prayed for judgment as holder of a promissory note in the principal sum of $500 against defendant, Sam Ter-racina, as maker thereof. In answer defendant called in warranty Robert J. New-son and prayed, first, that plaintiff’s demands be rejected, and, alternatively, that he have judgment against his warrantor for the amount of whatever judgment might be rendered against him. The warrantor filed an exception to the jurisdiction of the court ratione personae, an exception of no right and no cause of action, and a plea of estop-pel incorporating an alternative plea of vagueness and motion for bill of particulars, all of which pleas were overruled with the exception of the specification requiring oyer and production of the note sued upon, which note was subsequently filed pursuant to order of the court. Reserving all rights under his exceptions warrantor filed answer. After trial there was judgment in favor of plaintiff against defendant and further judgment in favor of defendant against his war-rantor. From this judgment the warrantor has appealed.
Before this court appellant-warrantor has re-urged all of the pleas and exceptions filed in the district court.
Inasmuch as an understanding of the facts is desirable in connection with a consideration of some issues tendered by the exceptions, we proceed to recapitulate the established facts as follows:
On July 12, 1948, the defendant, Sam Ter-racina, executed the promissory note which is the basis of the present suit in the sum of $500 payable to the order of the plaintiff, Domenic Feducia. The note, bearing interest at the rate of 6% per annum from date, was payable in monthly installments of $25 *601 each, beginning August 12, 1948, provided for 10% attorney’s fees in the event of suit for collection, and was secured by a chattel mortgage of even date.
At the time of the confection of the note both plaintiff and defendant were residents of Caddo Parish, and prior to that time they had been engaged in the operation of a restaurant business in the City of Shreveport. Feducia retired from the business and sold his interest to Terracina for a consideration on terms of part cash and part credit, the credit portion of the purchase price being evidenced by the promissory note in the sum of $500. Shortly after this transaction the plaintiff, Feducia removed his residence to Illinois. Early in 1949 Terracina sold the restaurant business to Polly Bayn-ham for a consideration of $4,000, of which sum $1,300 was paid in cash and the balance of $2,700 was represented by a note. Almost immediately after the sale Terracina sold Miss Baynham’s note to Robert J. Newson, named as warrantor in this action. Ter-racina alleges and testified that Newson bought the note, at a $700 discount, for a •cash consideration of $2,000, but that New-son insisted upon retaining in his hands the sum of $500 of the $2,000 purchase price for the purpose of making payment of the Fe-ducia note, which is the instrument herein sued upon. Newson’s check in the sum of $1,520 payable to Sam Terracina was filed in evidence in the instant suit and bears the notation “Polly Baynham note in full”.
Newson denies that he retained any ■amount or undertook any obligation to make payment of Terracina’s $500 note to Fe-ducia. However, we have concluded that this fact has been established by a preponderance of the evidence, as Terracina’s version of the transaction is corroborated by the testimony of Miss Baynham and by the reasonable inferences to be attached to the •circumstances surrounding the negotiation. One of these circumstances is found in Ter-racina’s testimony to the effect that after fhe transaction with Newson he dismissed from his mind any further obligation with respect to the Feducia note, relying upon Newson’s obligation to make payment thereof with the money which he had retained out of the purchase price of the Baynham note.
It is clear from the testimony in this case that Feducia and Terracina were close friends; that Feducia did not press Ter-racina for payment of his note, and, indeed, it was not until some time in 1951 that Ter-racina learned, quite accidentally, that the note had never been paid. We have particularly pointed out this factual circumstance because the warrantor, Newson, has bitterly complained of some sort of “conspiracy” and collusion by and between parties plaintiff and defendant through which they are attempting to extort payment of the note. The record does not contain the slightest substantiation of this charge, and, on the contrary, every reasonable interpretation of the facts militates against the validity of such a contention. We think the record abundantly establishes the bona fide nature of the note sued upon; the existence of the indebtedness evidenced by the note as between plaintiff and defendant; the agreement on the part of the warrantor to pay the note, and the retention by the warrantor of a sum sufficient to discharge the obligation. From these established facts it is obvious that the warrantor does not stand in the relationship of one who has promised to pay the debt of a third person, but, rather, he is the obligor under a contractual agreement with Terracina, by which he assumed the obligation to make payment and received the money requisite therefor.
We now proceed to a consideration of warrantor’s several pleas and exceptions.
The exception to the jurisdiction ratione personae is based upon the contention that suit was instituted in the Twenty-Sixth Judicial District Court in and for the Parish of Bossier, and warrantor is a resident of the Parish of Caddo. In connection with this issue warrantor further urges that Terracina, the principal defendant in the suit, is also a resident of Caddo *602 Parish. We think this fact to be irrelevant to a consideration of the jurisdictional plea, but, in any event, we think the record conclusively establishes the fact that Terracina at the time of the institution of the suit was a resident of Bossier Parish.
As to defendant’s position with respect to the issue of jurisdiction, he was an incidental party to the suit, called in under defendant’s plea of warranty, and, therefore, is without right to raise or determine the question of jurisdiction.
In support of his exception of no right and cause of action, warrantor contends, first, that there is no such thing as a warranty on a note, and, second, that a call in warranty in order to be enforceable must result from an obligation imposed by a contract to pay a debt due by a third person, which contract must be in writing.
In approaching our consideration of these issues we point out the fact that defendant in the instant case is attempting to enforce a personal warranty which is specifically provided and defined by Article 379 of the Code of Practice.
Warrantor’s first contention must fail by reason of the fact that this case does not involve an action which attempts to enforce payment by a party to a note. If the warrantor in the instant case had been a co-maker or an endorser of the note sued upon, then the point urged in support of the exception might be appropriate, but such is not the case. We are here confronted with an alleged liability by the defendant, who was the maker of the note, and an alleged warranty of payment assumed by the warrantor as a contractual obligation to defendant.
Under the facts of the instant case warrantor’s reliance upon the parol evidence rule is unavailing. The issue here involved does not concern a promise to pay the debt of a third person, as defined in LSA-Civil Code Article 2278, but involves a primary obligation on the part of the warrantor to make payment for another. In other words, Newson, as warrantor, assumed an actual obligation in his transaction with this defendant, by which he retained in his hands a sum sufficient to discharge defendant’s note. The prohibition against parol evidence to prove any promise to pay the debt of a third person, as established by Article 2278, has been often interpreted by our courts. A factual situation similar to the one here involved was disposed in the case of Baskin v. Abell, 14 La.App. 601, 122 So. 133, in which the court held that the codal prohibition against parol evidence could not be interposed as a cover and shield against the actual obligations of the defendant himself. This interpretation has been recently reiterated by our brethren of the First Circuit in Hammond Finance Co., Inc., v. Renfro, 87 So. 2d 214, in which the court cited Coreil v. Vidrine, 188 La. 343, 177 So. 233; Fabacher v. Crampes, 166 La. 397, 117 So. 439; Wallenburg v. Kerry, 16 La.App. 221, 133 So. 823; Calhoun & Barnes, Inc., v. Epstein Land & Improvement Co., La.App., 16S So.. 539.
Under the allegations of plaintiff’s petition, which allegations have been proved on trial of the instant case, the warrantor is bound, not by a mere promise to be responsible for the debt of another, but by his contractual obligation to the defendant.
Warrantor’s plea of estoppel appears to be based upon the claim of laches as against plaintiff in asserting his rights against defendant in the effort to collect the indebtedness represented by the note sued upon. We are not aware of any time-limit, apart from provisions of prescription,, which has been fixed by authority of law or jurisprudence, nor has any such authority been cited by warrantor.
Warrantor has advanced numerous other arguments which, after examination, we consider to be so completely inapropros as to verge upon frivolity, and, for this reason, we pretermit any discussion thereof.
*603 We regard the decisive issue in the instant case to involve purely a question of fact, that is, whether the warrantor obligated himself to the defendant to make payment of the note held by plaintiff. Despite the denial of the warrantor we think the evidence preponderates in favor of plaintiff’s contentions.
For the reasons assigned, the judgment appealed from is affirmed, at appellant’s ■cost.