ELLIS, Judge.
Plaintiffs Harold W. Burke, Oscar A. Ernest and Guy C. Joiner bring this suit for amounts allegedly due them for services performed in connection with the clearing of a site of a new plant to be operated by defendant Elmer Candy Company. Also named as defendants are the Tangipahoa Parish Police Jury and Industrial District No. 1 of Tangipahoa Parish. After trial on the merits, judgment was rendered in favor of plaintiffs and against Elmer Candy Company as prayed for. The suit was dismissed as to the other two defendants. Elmer has appealed to this court, and plaintiffs have answered the appeal asking for judgment against the other two defendants as well.
The record reveals that on May 18, 1967, Elmer entered into a contract with Cecil C. Barnes, d/b/a The Gloen Company, to clear a tract of land. Apparently, the contract was assigned by Barnes to Cajun Construction Company. Either Gloen or Cajun employed the plaintiffs herein to perform hauling, bulldozing and other work in connection' with the clearing of the land.
Apparently, the work was performed without incident until early December, 1967, when the contractor failed to pay plaintiffs for work which they had done. Plaintiffs then refused to do any more work. It is not disputed that Roy Nelson, president of Elmer Candy Company, talked to plaintiffs and induced them to continue working by assuring them that they would get their money.
Mr. Nelson did not testify, but it was stipulated that, if called, he would “under *787 oath deny that he ever entered into any agreement with any of the plaintiffs relative to their employment” for the services claimed in this suit.
Defendant Elmer correctly claims that plaintiffs were employees or subcontractors of either Gloen or Cajun, and had no direct contractual relationship with any of the defendants. Since no liens were filed by plaintiffs, they can not hold Elmer liable as the owner of the property.
Elmer also claims that it cannot be held liable even if Mr. Nelson promised to pay plaintiffs what was owed them, since this would be a promise to pay the debt of a third party, which can only be proved by a writing. Article 2278(3), Civil Code. However, when the promise to pay has been made to the creditor for an adequate consideration, the prohibition against parol evidence does not apply. Fabacher v. Crampes, 166 La. 397, 117 So. 439 (1928); Pace v. Rizzuto, 182 So.2d 809 (La.App. 4 Cir. 1966).
We think the latter rule applies in this case. Mr. Nelson induced the plaintiffs to remain on the job by indicating to them that they would be paid for the work which they had done and were to do. It seems clear that it was to the advantage of Elmer that the work continue, and this constitutes a sufficient consideration to support a promise to pay. The district judge apparently found that a reasonable construction of Nelson’s words would be that he, on behalf of his company, was guaranteeing payment in the sums due to plaintiffs. We do not find this conclusion to be manifestly erroneous.
There is no evidence in the record on which any liability on the part of either the Police Jury or the Industrial District can be based. The suit was properly dismissed as to them.
The judgment appealed from is affirmed, at the cost of Elmer Candy Company.
Affirmed.