BEER, Judge.
Snelling & Snelling, Inc., personnel consultants, originally filed this suit for a fee against Vernon Niven and, subsequently, amended to join Donald Palmer, Inc., his employer. Niven answered and filed a third party demand against Palmer, alleging that Palmer had agreed with Snelling & Snelling and with him that they would pay the fee, which amounted to $2,520.00.
Niven, a licensed engineer, had applied to Snelling & Snelling for assistance in securing employment and had contracted to pay a percentage based fee for their professional services if employment was secured.
Snelling & Snelling set up an interview with Donald Palmer, Inc., who hired Niven. At that time, there was no discussion between Niven and Palmer regarding the fee.
Shortly thereafter, according to Niven, the Snelling & Snelling representative, Mrs. Ward, called him and urged that he get Donald Palmer, Inc. to pay the fee. He testified that bills were sent to him, and *1008 copies were mailed to Palmer. But it was not until Niven began to be dunned for the fees that he specifically discussed the matter with Palmer.
Niven contends that, as a result of this discussion, Palmer advised him not to worry about the fee bill, that he (Palmer) would take care of it. Part of the fee bill was, in fact, taken care of by Palmer. Two checks totaling $900 were paid to Snelling & Snell-ing by Donald Palmer, Inc. However, Palmer testified that he considered these checks to be bonuses to Niven, an effort to help him out since he incurred the hardship of driving over 200 miles per day to work for the corporation. Palmer categorically denied that he ever promised to assume the obligation. Niven further claims that Palmer offered to pay the balance due if he would' sign a note to Snelling guaranteeing payment. Niven refused.
Further attempts by Snelling & Snelling to collect from either Niven or Palmer proved fruitless and this suit resulted.
The trial judge concluded that Niven was indebted to Snelling & Snelling in the amount of $1,620.00 ($2,520.00 less the $900.00 already paid), plus 25% attorney’s fees as provided in the contract, plus interest and costs. He further concluded that an agreement existed between Niven and Palmer which had arisen when Palmer agreed to take care of the bills which Niven had been receiving. The court, therefore, cast Donald Palmer, Inc. in judgment for $1,620.00, plus interest and costs.
Donald Palmer, Inc. suspensively appeals, contending that Niven did not carry the burden of proving that Palmer promised to pay the entire agency fee and further alleges trial court error in casting it for interest and costs since the court had, at the end of trial, observed that costs would “probably” not be taxed to third party defendant.
The only question before us on this appeal is whether Donald Palmer, Inc. assumed the debt of Vernon Niven.
Appellant’s first contention is that parol evidence of their alleged assumption of Niven’s debt should have been excluded by application of La.Civ.Code art. 2278(3). However, in Baskin v. Abell, 14 La.App. 601, 122 So. 133, 134 (2nd Cir. 1929), the court, while reserving its opinion as to the original creditor’s rights to enforce an allegedly assumed obligation, remarked that as between the parties, “the statute contemplates the mere promise of one man to be responsible for another, and cannot be interposed as a cover and shield against the actual obligations of the defendant himself . .” Article 2278(3) has no application in a suit between the actual parties to the assumption agreement.
In Fabacher v. Crampes, 166 La. 397, 117 So. 439, 441 (1928), the Louisiana Supreme Court set forth the now well established rule that:
“ . . . the prohibition against the admission of parol evidence to prove a promise to pay the debt of another, does not apply (1) when the promise is made, upon adequate consideration, to the debt- or himself, or (2) when the promise, even though made to the creditor, is given with the consent of the debtor, and the promisor has in his hands, or afterwards receives, money or property belonging to the debtor, to be applied to the debt. For in both these cases it is an original and direct understanding by the promisor towards the debtor himself, and not at all a collateral undertaking to pay the debt of another. (Citations omitted.)”
As we have previously noted, “for business or pecuniary reasons a person may bind himself for the payment of the debt of another — make his own obligation the primary, not collateral, obligation, and thereby take the case out of the prohibition laid down in Article 2278 of the LSA-Civil Code.” Custom Contract Company v. Nims, 145 So.2d 374, 375 (La.App.). Accord, Powell Lumber Company v. AFCO Corporation, 288 So.2d 697 (La.App. 3rd Cir. 1974); Pace v. Rizzuto, 182 So.2d 809 (La.App. 4th Cir. 1966). Cf., J & J Home Supply, Inc. v. Grisaffe, 316 So.2d 172 (La.App. 1st Cir. 1975) (wherein plaintiff failed to prove business reason and parol was held inadmissible).
*1009 By paying the fee, Donald Palmer, Inc. received the consideration of the continued employment of its then employed production superintendent, Niven. A similar finding resulted in Burke v. Elmer Candy Company, 251 So.2d 786 (La.App. 1st Cir. 1971), where the court found that the advantage to a landowner that a land clearing operation continue uninterrupted was sufficient consideration to support owner’s president’s oral assumption of general contractor’s obligation to pay subcontractors working on owner’s land.
Thus, in the instant case, parol evidence consisting, in part, of testimony of Mrs. Ward, tending to prove that third-party defendant had agreed to pay the fee at or about the time Niven was hired, and testimony of Niven that Palmer later agreed he would “take care” of the bills, was admissible evidence on which the trial court might properly base its opinion that Palmer assumed the obligation.
The second issue raised by appellant is whether Niven met his burden of proof. Appellant argues that where the unsupported testimony of a party having the burden of establishing a particular fact is contradicted by the testimony of the other party and the credibility of neither is attacked, in the absence of corroborating circumstances, it cannot be said that the party having the burden of proof has sustained that burden, citing Johnson v. Johnson, 296 So.2d 470 (La.App. 2nd Cir. 1974); Marchese v. White System, Inc., 235 So.2d 141 (La.App. 4th Cir. 1970), and Diaz v. Breaux, 252 So.2d 697 (La.App. 1st Cir. 1971).
In our view, more than the uncorroborated testimony of Niven was adduced at trial. Niven’s contention that Palmer assumed the debt by agreeing to “take care” of the bills is supported by the fact that Palmer did, in fact, mail several payments directly to Snelling & Snelling. Mrs. Ward’s assertion that Palmer agreed on the phone to pay the fee is corroborated by the fact that Palmer received copies of Niven’s fee bill, and letters soliciting payment were directed to both Niven and Palmer.
Appellant contends that the trial court erred in taxing costs to it after having announced to the contrary at trial. However, the record indicates that the trial judge merely remarked:
“Obviously Palmer is not obligated to pay attorney fees or, probably court costs.” (Emphasis added.)
In our view, the trial judge reserved his final opinion on the matter of costs, and his judgment taxing costs to Donald Palmer, Inc. falls within the wide discretion accorded to him in this regard.
The judgment is affirmed. Each party to this appeal is to bear its own costs.

AFFIRMED.

REDMANN and SCHOTT, JJ., dissent.